**STATE of Tennessee, Appellee,**

v.

**Benedict Joseph COOK, III,
Defendant-Appellant.**

Supreme Court of Tennessee,
at Nashville.

Aug. 5, 1991.

Rehearing Denied Sept. 30, 1991.

Order on Motion Nov. 12, 1991.

David E. High, Nashville, for defendant-appellant.

John E. Herbison, Paul J. Morrow, Jr., Nashville, for amicus curiae.

Charles W. Burson, Atty. Gen. and Reporter, Donna J. Hixon Smith, Asst. Atty. Gen., David L. Cooper, Asst. Dist. Atty. Gen., for State-appellee.

## OPINION

WILLIAM S. RUSSELL, Special Justice.

### HISTORY OF THE CASE

Benedict Joseph Cook, III, was convicted of three counts of aggravated rape and two counts of aggravated sexual battery. The alleged victim was under thirteen years of age at the times of the sexual abuse.

Because of the age of the victim, the offenses were aggravated by definition and called for enhanced punishment without the necessity of the filing by the State under Rule 12.3 Tenn.R.Crim.P. of a notice of intent to seek enhanced punishment. See T.C.A. Sections 39–2–603, 39–2–606 (1988 Supp.). Because the notice was not filed until five days before the case was set for trial, defense counsel filed a motion to strike the notice. The motion to strike was granted. During the dialogue between the Court and counsel, it is clear that the Court deemed it necessary for the State to file a notice of intent to seek enhanced punishment before Range II sentencing would apply, even though by definition the crimes as charged are aggravated. The trial proceeded on the assumption that the striking for lateness of the notice by the State to seek enhanced punishment resulted in Range I punishment being the appropriate sentence range in the event of convictions.

Counsel for the defendant filed a motion pursuant to the provisions of T.C.A. Section 40–35–201(b) asking the Court to instruct the jury on the possible punishment for all offenses charged in the indictments and all lesser included offenses. The motion was summarily granted. The Court obviously judged that Range II was inapplicable under the circumstances and charged the jury that the punishment for aggravated rape is imprisonment in the penitentiary for a period not less than twenty (20) years, nor more than forty (40) years; and that the punishment for aggravated sexual battery is a sentence of from five (5) to twenty (20) years in the penitentiary. The jury was specifically instructed that it did not set the punishment, and that the Court would set the punishment after a separate sentencing hearing.

The aforesaid "possible punishments" were the inapplicable Range I figures. The greater, but applicable, Range II possible sentences were not charged to the jury. The Range II penalties are forty (40) years to life for aggravated rape and twenty (20) years to thirty-five (35) years for aggravated sexual battery. T.C.A. Sections 39–2–603, 39–2–606 (1988 Supp.).

The Court sentenced the defendant to twenty-five (25) years on each of the three aggravated rape convictions; and seven (7) years on each of the two aggravated sexual battery convictions. All sentences were ordered served concurrently.

Both the defendant and the State appealed as a matter of right to the Court of Criminal Appeals. That court affirmed the convictions, and agreed with the State that the trial court erred in not sentencing the defendant as a Range II, especially aggravated offender. The Court of Criminal Appeals held that Range II sentences were mandated by T.C.A. Section 40–35–109(c) (1988 Supp.), and remanded for resentencing. Upon petition to rehear, the Court of Criminal Appeals addressed the issue of the erroneous instruction by the court to the jury regarding possible punishments by noting that inasmuch as sentencing is a function vested in the trial court, "any error here would be harmless."

Application for permission to appeal was made to this court by the defendant, and it was granted as to a single issue.

## ISSUE

This court has ordered that on considering the application for permission to appeal and briefs filed in this case and the entire record, the application of Benedict Joseph Cook, III, is granted for consideration of the issue:

> "Did the trial judge commit prejudicial error by instructing the jury on the range of punishments of a Range I offender, where the sentence range under which appellant must be sentenced is that of a Range II offender?"

## CONTENTIONS OF THE DEFENDANT-APPELLANT

The defendant contends that the appropriate procedure upon remand to the trial court is a new trial upon the issues of guilt, whereupon the jury could be instructed as to the appropriate Range II possible penalties; rather than simply have a new sentencing hearing to set Range II sentences.

It is the position of the defendant that knowing the applicable possible punishments is an appropriate and necessary matter of information for the jury to have and consider on the issue of guilt, where a motion has been made by the defendant under the provisions of T.C.A. Section 40–35–201(b) asking the court to instruct the jury on the possible punishment for all offenses charged in the indictments and all lesser included offenses.

The defendant submits that the erroneous failure of the trial judge to charge the jury correctly as to the possible punishments involves the deprivation of a substantial statutory right that "probably affected the jury's judgment". Defendant argues that had the jury been instructed on the correct sentencing range, since under Article I Section 19 of the Tennessee Constitution they were judges of both the law and the facts, "they could have exercised their discretion to convict of a lesser included offense". Since they were misinstructed that the consequences of their verdicts

were less severe than they actually are, defendant states that this could have had a dramatic effect on their verdict.

Defendant argues that the range of punishment instruction upon motion was specifically retained by our Legislature in spite of the fact that jurors no longer retain the sentencing function, except in limited cases. Defendant cites in support of his position from Raybin, *Tennessee Criminal Practice and Procedure*, Vol. 11, Section 30.73, p. 157:

> "The Tennessee requirement of a range of punishment instruction, notwithstanding that the jury no longer retains the sentencing function, is contrary to most jurisdictions. Nevertheless, the instruction reflects the reality that jurors will consider punishment anyway and without direction may speculate to the possible detriment of a defendant. If nothing else, the instruction impresses upon the jurors the consequences of a guilty verdict."

The defendant states that the erroneous instructions violated his right to a correctly charged jury and impaired his constitutional right to trial by jury. And he notes that had the jury exercised its discretion and found guilt of a lesser included offense because it deemed the punishment appropriate, this has historically been sanctioned by our appellate courts even where there was no evidence to establish the technical elements of the lesser offense found if the evidence supported conviction of a higher crime, per such cases as *State v. Davis*, 751 S.W.2d 167, 170 (Tenn.Crim.App.1988), and the cases cited therein.

The defendant asserts that the erroneous jury instructions violated the defendant's due process right to a fair trial by a fair tribunal and his right to trial by jury. He submits that a basic requirement of due process is a fair trial in a fair tribunal, citing *Hearn v. Pleasure*, 624 S.W.2d 556, 559 (Tenn.App.1981). He argues that a jury that is affirmatively misinformed as to the correct sentence range cannot satisfy the constitutional right to trial by jury and the due process requirements of a fair tribunal, that due process and fundamental

fairness should prevent this fundamental error from being described as "harmless". Defendant cites Rule 36(b), Tennessee Rules of Appellate Procedure, which provides for relief from error that "would result in prejudice to the judicial process". Defendant argues that this error is clearly prejudicial to the judicial process, so cannot be said to be harmless.

## CONTENTIONS OF THE AMICUS CURIAE

The Tennessee Association of Criminal Defense Lawyers was permitted to file an amicus curiae brief in support of the position of the defendant-appellant.

The main thrust of the amicus' brief is that application of the harmless error rule is inappropriate in this case. Rule 36(b) of the Tennessee Rules of Appellate Procedure is quoted:

"(b) Effect of error.—A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment *or* would result in prejudice to the judicial process." [Emphasis added.]

The amicus curiae chose to leave to the parties the question of whether the error in this appeal probably affected the judgment; and addressed their argument to the issue of prejudice to the judicial process, contending that the error in the instant case is of this systemic type. The argument is made that the harmless error analysis suggested by the Court of Criminal Appeals would have the effect of rendering T.C.A. Section 40–35–201(b) meaningless.

The argument is made that if the jury is mistakenly instructed that a conviction will result in a shorter sentence than in fact will be imposed, the likelihood of conviction of the crime charged in the indictment increases and the chance that the jury will convict of a lesser included offense decreases commensurately; and where the evidence makes out a close case, this danger is exacerbated.

It is further submitted that because T.C.A. Section 40–35–201(b) contains the mandate "shall", that a failure to follow the procedure set out therein is a due process constitutional right violation; and to be harmless error, it must be demonstrated to be harmless beyond a reasonable doubt.

The amicus departs from the issue accepted for decision by this court, and asks that consideration be given to fashioning an appropriate remedy where the prosecution repeatedly ignores mandatory procedural requirements applicable to criminal trials. We limit our decision to the issue accepted for decision.

## CONTENTIONS OF THE STATE–APPELLEE

The State contends that the defendant initiated the "string of errors" by moving to strike the State's notice of intent to seek enhanced punishment, and cannot now complain since his actions invited any alleged error on the part of the trial judge.

Further, the State argues that the defendant has waived consideration of this issue by failing to complain at trial regarding the failure of the trial judge to charge the punishments applicable to Range II.

Third, the State submits that the charge given was constitutional, that the defendant had no constitutional right to an instruction as to Range II punishment because it is purely a sentencing issue.

Finally, the State says that any alleged error was harmless beyond a reasonable doubt. The State concedes that the trial judge committed non-constitutional error when he failed to charge the jury as to the range of punishments to which the defendant was subject upon conviction, but asserts that this error was harmless. The State contends that Rule 36(b) of the Tennessee Rules of Appellate Procedure only entitles a defendant to a new trial where the alleged error affirmatively affected the verdict. The State asserts that errors in instruction as to sentencing do not constitute reversible error, as sentencing matters are irrelevant to the determination of guilt or innocence.

The State points out that the defendant has presented no evidence to support his

claim that the error must have affected the jury's verdict. Specifically, the State argues, there is no testimony from the jurors that the allegedly improper instruction caused them to convict the defendant as charged, as opposed to a conviction on a lesser included offense. The State says that the verdict was in no way impacted, as the evidence of guilt was overwhelming.

## RESTATEMENT OF THE ISSUE

The statement of the single issue which this Court agreed to address assumes that the trial judge's failure to charge the jury as to the Range II possible sentences was *error*, and that the sentences to be set for aggravated rape and aggravated sexual battery *must* be from within Range II. The precise issue then is whether or not the error was harmless. In other words, can the convictions of guilt stand and Range II sentences be imposed, or must the defendant be tried again on the issues of guilt or innocence?

## HARMLESS ERROR ANALYSIS

■ Errors not rising to the level of constitutional rights deprivations are judged for harm, or prejudice, under these two rules:

*Rule 52(a) Tenn.R.Crim.P.* defines harmless error as follows:

(a) *Harmless Error.* No judgment of conviction shall be reversed on appeal except for errors which affirmatively appear to have affected the result of the trial on the merits.

Rule 36(b) T.R.A.P. provides:

(b) *Effect of Error.* A final judgment from which relief is available or otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.

In *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) the United States Supreme Court stated the rule that is still applicable under federal and Tennessee law regarding errors of constitutional dimensions. Such errors do not necessarily require reversal of a criminal conviction on the principal that an otherwise valid conviction should not be set aside if the reviewing court determines that the constitutional error was harmless beyond a reasonable doubt in light of the entire record.

Under Rule 52(a) Tenn.R.Crim.P. analysis, it cannot be said that it affirmatively appears that the erroneous charge affected the result of the trial on the merits. This could be true, in part, because the defendant had no need to build a record on this issue in the trial court, because it was not until the case was sent back from the Court of Criminal Appeals for more severe sentencing that the defendant had this problem.

The same absence of need to demonstrate prejudice in the trial court record while the case was in that court applies to Rule 36(b) T.R.A.P. analysis. However, what has occurred deserves consideration on the issue of whether or not remand for greater sentences under Range II without a new trial whereupon the jury would be correctly charged would constitute prejudice to the judicial process.

■ We do not deem constitutional error to be involved. A statutory right deprivation is the basis of the error. The actual deprivation would occur upon remand for resentencing, when, under the Court of Criminal Appeals' judgment, the defendant would be sentenced to punishment not known to or contemplated by the convicting jurors.

## CONCLUSIONS

■ We hold that T.C.A. Section 40–35–201(b) gives a defendant a claimable statutory right to have the jury know the range of punishment applicable to the charges before deciding guilt or innocence.

It is widely perceived by those who observed the operations of our trial courts in previous times, when juries had the additional responsibility of setting punishment, that often they seemed to find guilt of a crime not necessarily most strongly suggested by the evidence, but one the punishment for which suited their sense of justice for the case. Apparently the Legislature desired to give those charged with crimes

the option of making certain that the jury knew the punitive consequences of guilty verdicts in the cases under consideration, and this court respects the right of the Legislature to do so.

In the case at bar, the jury acquitted the defendant of one charge of aggravated rape and the included offense of aggravated sexual battery.

■ We do not hold the defendant responsible for the trial court's judgment that the only applicable possible sentences were Range I. The issue was certainly arguable, and defense counsel would have been less than partisan if he had complained of the favorable action of the trial judge.

■ We hold that whatever rights or benefits the Legislature had in mind for the defendant when it passed T.C.A. 40–35–201(b) would be lost if the defendant were to be sentenced to punishments greater than what the jury finding guilt was instructed would be imposed.

The Legislature, in its wisdom, certainly has the right and power to direct the judicial process. They have said that where a defendant wants his trial jury to know the range of possible punishments resulting from convictions that he is entitled to have that information conveyed to the jury. To deny this defendant that statutory right constitutes prejudice to the judicial process, rendering the error reversible under Rule 36(b) T.R.A.P.

We, therefore, find the error to be prejudicial, reverse the convictions and remand the charges to the trial court for a new trial.

REID, C.J., and DROWOTA, O'BRIEN, and ANDERSON, JJ., concur.

## ORDER ON MOTION BY APPELLANT TO VACATE ORDER AND MANDATE OF SEPTEMBER 30, 1991, AND FOR LEAVE TO FILE A PETITION FOR A REHEARING

November 12, 1991.

PER CURIAM.

The State filed a petition for a rehearing which, in effect, abandoned the predicate for the State's original appeal. The State had in its appeal complained that the trial judge had sentenced Benedict Joseph Cook, III, as a Range I offender when, in fact and law, he should have been sentenced as a Range II offender. We agreed with the State, but held that under the circumstances the case would have to be tried anew and the jury advised of the correct relevant punishment. The State, in its filing called a petition to rehear, abandoned its goal of seeking Range II punishment, because under current law punishment in the event of conviction would be Range I. Inasmuch as the State was no longer seeking the relief that it sought upon its appeal, we considered that appeal to be withdrawn. We therefore reinstated the original judgment of the trial court.

Counsel for Mr. Cook has now moved us to vacate our order whereby we reinstated the judgment of the trial court, on the ground that we failed to follow the procedures set forth in Rule 39, Tennessee Rules of Appellate Procedure, regarding allowing a response to a petition for rehearing where a rehearing is granted.

The motion to vacate our order is respectfully overruled. We did not grant a rehearing under Rule 39. Instead, we treated the filing of the State as constituting a motion to voluntarily dismiss its appeal under Rule 15(b), Tennessee Rules of Appellate Procedure, and we granted that motion.

The motion of Appellant Cook to be allowed to file a petition for a rehearing under Rule 39(f), on the ground that he was not allowed to respond to the State's petition for a rehearing, is likewise denied, for the same reasons.