IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1998 SESSION

FILED

May 21, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9612-CC-00534 |
| Appellee, | ) | |
| | ) | MONTGOMERY COUNTY |
| VS. | ) | |
| | ) | HON. ROBERT W. WEDEMEYER, |
| CLEVELAND SONNY ROGERS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Assault) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**MICHAEL J. LOVE**                          **JOHN KNOX WALKUP**
215 South Second St.                     Attorney General & Reporter
Clarksville, TN  37040
    (On appeal)                          **ELLEN H. POLLACK**
                                         Asst. Attorney General
**WADE BOBO**                                450 James Robertson Pkwy.
129 South Third St.                      Nashville, TN  37243-0493
Clarksville, TN  37040
    (At trial)                           **JOHN W. CARNEY**
                                         District Attorney General

                                         **ARTHUR BIEBER**
                                         Asst. District Attorney General
                                         204 Franklin St., Suite 200
                                         Clarksville, TN  37040


OPINION FILED:_____



**REVERSED AND REMANDED**



**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was charged with possessing drug paraphernalia, causing damage to the property of another, theft of goods totaling less than one hundred dollars ($100), and two counts of aggravated assault. A jury convicted him of aggravated assault and assault, assessing fines of five thousand dollars ($5000) and two thousand five hundred dollars ($2500), respectively. The remaining charges were dismissed. The court below subsequently sentenced the defendant as a Range III persistent offender to fourteen years incarceration on the aggravated assault offense and to nine months, suspended, on the assault charge.[1] The sentences were run consecutively. In this appeal as of right, the defendant raises only one issue: whether he is entitled to a new trial on his conviction for aggravated assault because the trial court erroneously instructed the jury about the range of punishment applicable to this offense. Upon our review of the record, we reverse this conviction and remand this matter for a new trial.

A recitation of the facts underlying the offenses is not necessary to our resolution of the issue. Suffice it to say that the defendant's convictions arose out of a domestic dispute.

Eleven days prior to trial, the State filed its Notice of Sentencing Status indicating the defendant's sentencing status as Range III persistent offender. The transcript of the trial indicates that the defendant's trial attorney had received a copy of this notice. The record does not indicate who requested that the trial court instruct the jury about the range of punishment applicable upon conviction of the relevant charges.

---

[1] The trial court also reduced the fines to two thousand five hundred dollars ($2500) and one thousand dollars ($1000), respectively.

2

However, the written jury charge included in the record[2] contains such an instruction. Unfortunately, it provides only the range applicable to a Range I standard offender: significantly less than the range applicable to the defendant. Relying on our Supreme Court's ruling in State v. Cook, 816 S.W.2d 322 (Tenn. 1991), the defendant asserts that he is entitled to a new trial because of this misinformation provided to the jury. We must agree.

In Cook, the defendant was convicted of aggravated rape and aggravated sexual battery. Because of the age of the victim, Range II sentencing was mandatory. However, because the State was late in filing its notice of sentencing status, the trial court ruled that Range I was the appropriate range. Upon motion by the defendant, the trial court instructed the jury on the possible punishments under Range I. The defendant did not object, and was subsequently sentenced as a Range I offender. On the State's appeal, this Court held that Range II sentencing was mandatory and remanded for resentencing. Our Supreme Court subsequently granted the defendant's appeal and held that "T.C.A. § 40-35-201(b) gives a defendant a claimable statutory right to have the jury know the range of punishment applicable to the charges before deciding guilt or innocence." 816 S.W.2d at 326. Moreover, the Court held, "To deny this defendant that statutory right constitutes prejudice to the judicial process, rendering the error reversible under Rule 36(b) T.R.A.P." 816 S.W.2d at 327.

Cook controls the disposition of this case. Although the trial court was aware prior to trial that the defendant's sentencing status was Range III, it instructed the jury as though the defendant's status was Range I. The record does not reveal why this occurred, but the same court subsequently sentenced the defendant as a Range III

---

[2]The record of the trial does not include a verbatim transcript of the jury instructions as they were delivered.

3

persistent offender. The defendant is entitled to a new trial.

The State argues that the defendant waived this issue because he made no objection at the time the erroneous instruction was given to the jury. Our rules of procedure provide otherwise: A defendant's failure to object to the content of a given instruction "shall not prejudice the right of [the defendant] to assign the basis of the objection as error in support of a motion for a new trial." Tenn. R. Crim. P. 30(b). The defendant raised this issue in his Amended Motion for A New Trial. Accordingly, it is properly before this Court on appeal. See State v. Lynn, 924 S.W.2d 892, 899 (Tenn. 1996) (where defendant challenges a positive error in the jury instructions rather than an error of omission, Rule 30 permits the issue to be raised in a motion for new trial). See also Cook, 816 S.W.2d at 327 ("We do not hold the defendant responsible for the trial court's judgment that the only applicable possible sentences were Range I. . . . [D]efense counsel would have been less than partisan if he had complained of the favorable action of the trial judge.")

Reversible error having been committed below, the defendant's conviction for aggravated assault is reversed and this matter is remanded for a new trial.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID H. WELLES, Judge


_____
JERRY L. SMITH, Judge

4