IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 31, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
          Appellee,          )     No. 01C01-9711-CR-00538
                             )
                             )     Davidson County
v.                           )
                             )     Honorable Walter C. Kurtz, Judge
                             )
JAMES THOMAS JEFFERSON,      )      (Resentencing: First Degree Murder)
                             )
          Appellant.         )

**DISSENTING OPINION**

I respectfully dissent in this case. I believe that through an unfortunate misapplication of the law, the defendant was wrongly denied a new trial as to the issue of his guilt. Therefore, I believe that the law of the case doctrine should not be applied and that we should grant the defendant a new trial.

I need not detail in this opinion the tortuous path of this case. The offense occurred in 1968. In the defendant's 1993 trial, the court applied the 1968 law which provided that the jury decide both guilt and punishment. The trial court instructed the jury that for first degree murder, the jury could impose a specific term of years from twenty years to life imprisonment. The jury found the defendant guilty of first degree murder and imposed a forty-year sentence.

However, the Tennessee Supreme Court had previously held that the statute under which the defendant was sentenced was unconstitutional and that the valid sentencing statute for first degree murder provided a sentence of life

imprisonment. See Miller v. State, 584 S.W.2d 758, 762 (Tenn. 1979). Thus, the defendant received an illegal sentence.

In an attempt to correct the matter, the trial court imposed a life sentence. On appeal, this court held that only a jury could impose the sentence. State v. Jefferson, 938 S.W.2d 1, 21-22 (Tenn. Crim. App. 1996), app. denied (Tenn. Nov. 25, 1996). However, it affirmed the first degree murder conviction upon its determination that in the light most favorable to the state, the evidence was sufficient to support the verdict. Id. at 23.

The majority opinion concludes that this court's opinion in the earlier appeal constitutes the law of the case, which is not to be revisited. The majority opinion sees significance in the fact that the Tennessee Supreme Court denied a further review in that appeal. However, I believe that the law of the case doctrine should not be absolute. If the previous decision was clearly wrong or if manifest injustice would result, a court may revisit the issue. See Messinger v. Anderson, 225 U.S. 436, 443, 32 S. Ct. 739, 740 (1912), Davis v. Davis, 96 F.2d 512, 515 (D.C. Cir. 1938); Daly v. Volpe, 376 F. Supp. 987, 994 (W.D. Wash. 1974). Also, our supreme court has stated, "This Court is not committed to all the views expressed in an opinion of the intermediate appellate courts when we deny discretionary review." Swift v. Kirby, 737 S.W.2d 271, 277 (Tenn. 1987). In fact, the court has acknowledged that "the sheer volume of intermediate cases" that it reviews factors into its refusal to be bound by the denial of review. Meadows v. State, 849 S.W. 2d 748, 752 (Tenn. 1993). Thus, likewise for our purposes, the fact that our supreme court denied review in the earlier appeal should not be significant in determining whether or not the law of the case doctrine should apply.

The problem in the present case is a fundamental one. The defendant has a constitutional right to trial by a jury. See U.S. Const. amend. IV; Tenn. Const. art.

2

I, §§ 6, 9. In fact, our state constitution contemplates that "the jury shall have a right to determine the law and the facts, under the direction of the court . . . ." Tenn. Const. art. I, § 19. In this respect, in State v. Cook, 816 S.W.2d 322, 326 (Tenn. 1991), our supreme court stated the following:

> It is widely perceived by those who observed the operations of our trial courts in previous times, when juries had the additional responsibility of setting punishment, that often they seemed to find guilt of a crime not necessarily most strongly suggested by the evidence, but one the punishment for which suited their sense of justice for the case.

The court determined that under the statute defining the instruction for the then existing range of punishment, "if the defendant were to be sentenced to punishments greater than what the jury finding guilt was instructed would be imposed," prejudice to the judicial process would occur. Id. at 327.

I believe that it is fundamentally unfair and an improper limitation on the right to trial by jury to instruct a jury with sentencing authority that it has the power to sentence the defendant to forty years for first degree murder when the actual sentence for the offense must be life imprisonment. With proper instructions, the jury in the present case may well have considered second degree murder and a term of forty years to represent justice in the case. What happened to the defendant is no different than what happened to the defendant in Cook. I believe that we should give the defendant the relief he seeks and order a new trial on both the issue of guilt and the issue of sentencing.

_____
Joseph M. Tipton, Judge

3