# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### MAY 2000 Session

## STATE OF TENNESSEE v. LARRY E. SCALES

**Appeal from the Circuit Court for Warren County**
**No. F-7555      Charles D. Haston, Judge**

---

**No. M 1998-00142-CCA-R3-CD - Filed September 15, 2000**

---

JOE G. RILEY, J., dissenting.

I agree with the majority's disposition of all issues with the exception of the erroneous jury instruction as to range of punishment. I would find any errors relating to this jury instruction to be harmless in this case.

As noted by the majority, the trial court instructed the jury that the defendant "would be sentenced to serve thirty-five percent (35%) of any sentence imposed by the court as a Range II offender." I agree with the majority's conclusion that the Range II reference was erroneous; however, I find it to be harmless in this case.

I respectfully disagree with the majority's conclusion that the erroneous range of punishment instruction in this case requires reversal. In my view, State v. Cook, 816 S.W.2d 322 (Tenn. 1991), is distinguishable.[1] In Cook, the jury was instructed under the 1982 Sentencing Act only as to Range I (20 to 40 years), whereas a Range II sentence (40 years to life) was mandated by statute due to the nature of the offense. *Id.* at 323. Thus, the defendant had to receive a sentence that had a range that far exceeded the maximum as charged by the trial court.

Under the present 1989 Sentencing Act, "the actual decision whether to permit enhancement does not occur until after conviction at the sentencing hearing." State v. King, 973 S.W.2d 586, 590 (Tenn. 1998). Thus, the trial court could not assume in this case that the defendant would be sentenced as an upper range offender. The trial court should have given the full range of punishment from Range I through career offender. *See id*. at 590-91.

---

[1] I also find State v. Meyer, 994 S.W.2d 129 (Tenn. 1999), distinguishable. There the trial court charged the defendant would be eligible for release upon serving 5.73 years, whereas the law required service of the entire sentence for child rape. The minimum sentence was 25 years.

However, unlike <u>Cook</u>, the trial court charged the jury that the <u>maximum</u> possible sentence was six years, which in fact is the maximum and only punishment for a career offender. Thus, the instruction was accurate as to the maximum sentence, and, unlike <u>Cook</u>, the jury understood the defendant could possibly receive a sentence of six years.

The statute in effect at the time of this trial required the trial court to charge "possible penalties" to "include an approximate calculation of the <u>minimum</u> number of years a person ... must serve before reaching such person's <u>earliest</u> release eligibility date." Tenn. Code Ann. § 40-35-201(b)(2)(A)(i)(1997)(emphasis added). The errors in the instruction in this case were stating the <u>minimum</u> sentence was two years instead of one year,[2] and giving a "thirty-five percent (35%) service of any sentence imposed" instead of a <u>lower</u> amount. The trial court did specifically instruct the jury, pursuant to the statutory requirement, that actual release was discretionary with the parole board, and the board had the authority "to require a defendant to serve the entire sentence imposed by the Court." *See* Tenn. Code Ann. § 40-35-201(b)(2)(A)(ii)(1997). Clearly, the defendant was not prejudiced by instructions on these higher amounts regarding the minimum sentence instead of lower amounts since the jury would also have convicted based on an even lesser possible sentence. As the majority noted, the defendant did not contest the 2 to 6 year range in the charge.

A jury charge concerning the range of punishment is a statutory right and not a constitutional one. <u>Cook</u>, 816 S.W.2d at 326. I would conclude this defendant, unlike <u>Cook</u>, suffered no prejudice under this charge. Thus, I believe it constituted harmless error and did not constitute prejudice to the judicial process. *See* <u>State v. Winford Lee Pipkin</u>, C.C.A. No. 01C01-9605-CR-00210, Davidson County (Tenn. Crim. App. filed December 4, 1997, at Nashville); Tenn. R. App. P. 36(b); Tenn R. Crim. P. 52(a).

For these reasons, I respectfully dissent and would affirm the judgment of the trial court.

JOE G. RILEY, JUDGE

[2]Where the minimum punishment is one year, the trial court also has the option of sentencing the defendant to the county jail for "any period of time less than one year." Tenn. Code Ann. § 40-35-211(2).