# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 12, 2001

## HARRY D. CLARDY v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Montgomery County
### No. 40000044     John H. Gasaway, III, Judge

---

### No. M2001-01029-CCA-R3-PC - Filed January 23, 2002

---

The petitioner in this post-conviction matter was originally convicted of theft of property over $10,000 in value, a Class C felony, and sentenced to 15 years imprisonment as a Range III persistent offender. After his conviction was affirmed on direct appeal, he sought post-conviction relief which was denied by the post-conviction court. In this appeal, the petitioner alleges trial counsel was ineffective for failing to (1) recommend he accept the state's plea offer, and (2) challenge an erroneous jury instruction on the range of punishment. After a thorough review of the record, we conclude the petitioner received ineffective assistance of counsel based upon counsel's failure to object to the erroneous range of punishment jury charge at trial and failure to argue the error on direct appeal. Accordingly, we reverse and remand for a new trial.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded

JOE G. RILEY, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Robert T. Bateman, Clarksville, Tennessee, for the appellant, Harry D. Clardy.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Upon petitioner's conviction by a Montgomery County jury of Class C felony theft over $10,000, he was sentenced to 15 years as a Range III persistent offender. Petitioner conceded he had "probably 60 to 70" prior felony convictions. His conviction and sentence were affirmed by this court on direct appeal. *See* State v. Harry D. Clardy, C.C.A. No. 01C01-9710-CC-00457, 1998 WL 917803 (Tenn. Crim. App. Dec. 22, 1998, at Nashville), *perm. to app. denied* (Tenn. 1999). He timely filed a petition for post-conviction relief.

## UNDERLYING FACTS

We briefly recite the facts of the offense as garnered from our opinion in the direct appeal. On October 25, 1994, petitioner was seen directing a tractor-trailer truck into a parking lot at Bellamy Auction in Clarksville, Tennessee. It was subsequently determined the tractor-trailer had been stolen. There was testimony indicating the trailer itself had a value of $7,000, and the merchandise in it was valued at over $47,000. Petitioner had earlier tried to sell the merchandise in the trailer. *See* Clardy, 1998 WL 917803, at *1-2.

As stated, he was convicted by a jury of theft over $10,000, a Class C felony. In addition, the jury specified the total value of the stolen property was $15,000. Due to the petitioner's prior convictions, he was sentenced as a Range III persistent offender to 15 years.

## POST-CONVICTION HEARING

Prior to any testimony at the post-conviction hearing, petitioner's counsel argued the trial court erroneously instructed the jury as to the range of punishment for the offense of theft over $10,000, and trial counsel was ineffective by failing to object. The jury charge, as contained in the technical record, reflects the trial court instructed the jury only as to the range of punishment for a standard offender, which was 3 to 6 years, rather than the entire range of 10 to 15 years. It was undisputed the petitioner was subsequently sentenced by the trial court to 15 years as a persistent offender.

The petitioner's trial counsel testified at the post-conviction hearing that he negotiated a plea agreement with the district attorney's office. He had some uncertainty as to the exact offer since his file had been destroyed by a tornado that struck Clarksville. He believed the agreement was for six years but did not dispute that it was for four years. He further stated he recommended the petitioner accept the plea offer, but the petitioner chose to go to trial. Neither the state nor petitioner's counsel asked him why he made no objection to the trial court's erroneous jury instruction on range of punishment.

The petitioner testified trial counsel advised him of the state's four-year offer, but counsel implicitly recommended he proceed to trial. Petitioner offered no testimony concerning the range of punishment jury instruction.

The post-conviction court found trial counsel properly conveyed the plea offer to petitioner, who rejected it. Although the post-conviction court conceded error with the range of punishment set forth in the jury charge, it found it would have made no difference in the jury's verdict if the proper range of punishment had been given. Thus, the post-conviction court found trial counsel did not render ineffective assistance.

-2-

## INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends trial counsel was ineffective due to his failure to (1) recommend acceptance of the plea offer, and (2) object to and raise on direct appeal the erroneous jury instruction concerning the range of punishment. We reject petitioner's first ground for relief, but we must agree that he is entitled to relief on the second ground.

### A. Standard of Review

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the trial court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

### B. Standards Relating to Effective Assistance of Counsel

This court reviews a claim of ineffective assistance of counsel under the standards of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

### C. Plea Offer

At the post-conviction hearing, trial counsel testified he recommended the petitioner accept the plea agreement. The post-conviction court implicitly accredited counsel's testimony regarding this issue and discredited the petitioner's testimony. The trial court, not this court, determines the credibility of witnesses. Burns, 6 S.W.3d at 461. This issue is without merit.

### D. Erroneous Jury Instruction

At the time of this jury trial, the trial court was required to instruct the jury on the range of punishment if requested to do so. *See* Tenn. Code Ann. § 40-35-201(b) (Supp. 1994) (repealed

1998).[1]  It is uncontested that the trial court submitted an erroneous jury instruction concerning the range of punishment.  The jury instructions are preserved in the technical record and contained the following range of punishment instruction:

> Range of Punishment
> The jury will not attempt to fix any punishment or sentence at this time.  However, for your information only, you are informed that the ranges of punishment as to the crimes involved herein are as follows:
>
> Theft of Property over $10,000 but less than $60,000 – Not less than three (3) nor more than six (6) years incarceration and a fine not to exceed $10,000.
> . . . .

This range of punishment instruction of 3 to 6 years is the sentencing range only for a Range I standard offender.  The petitioner, however, was subsequently classified at sentencing as a Range III persistent offender and was subject to a sentencing range of 10 to 15 years.  He was sentenced to the maximum sentence of 15 years.

The precise issue for our review is whether counsel's failure to preserve as error this improper range of punishment instruction constituted ineffective assistance of counsel, and if so, whether it can be attacked in a post-conviction proceeding.

Our supreme court has recently addressed this issue in Dean v. State, __ S.W.3d __, 2001 WL 1328491 (Tenn. Oct. 30, 2001, at Knoxville).  In deference to the post-conviction court, we note the Dean opinion was not filed until after the post-conviction court's disposition.  In Dean, the trial court, without objection, improperly instructed the jury the sentencing range for attempted second degree murder was 3 to 10 years, whereas the proper range was 8 to 30 years.  Id. at *5.  The jury convicted Dean of attempted second degree murder, and the trial court sentenced him to 15 years which was "a sentence greater than the punishment contemplated by the jury for that offense."  Id. In the appeal from denial of post-conviction relief, our supreme court concluded the petitioner was prejudiced by trial counsel's deficient performance in failing to object and granted post-conviction relief.

The instant case is controlled by Dean.  The jury convicted the petitioner of theft of property and, for whatever reason, specifically found its value to be $15,000, which was far less than the $54,000 shown by the state's proof.  The jury was erroneously instructed that the range of punishment was 3 to 6 years for this offense.  Trial counsel neglected to object to this erroneous

---

[1]The petitioner's trial in April 1995 occurred prior to the General Assembly's revision of Tenn. Code Ann. § 40-35-201(b).  The current version, applying only to trials occurring after May 18, 1998, states, "the judge shall not instruct the jury, nor shall the attorneys be permitted to comment at any time to the jury, on possible penalties for the offense charged nor all lesser-included offenses."  See 1998 Public Acts, Chapter 1041.

instruction at trial, and it was not raised on direct appeal. The trial court sentenced the petitioner to 15 years imprisonment as a Range III persistent offender, almost three times greater than that contemplated by the jury. We conclude it was reasonably probable that had counsel objected to and appealed the erroneous jury instruction, the result would have been different. *See* State v. Cook, 816 S.W.2d 322, 326 (Tenn. 1991) (holding erroneous jury instruction on range of punishment was plain error requiring new trial on issue of guilt or innocence). Accordingly, the petitioner was prejudiced by his trial counsel's deficient performance and is entitled to post-conviction relief.

## CONCLUSION

Based on the above analysis, we reverse the judgment of the post-conviction court and remand for a new trial.

_____
JOE G. RILEY, JUDGE