IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 27, 2009 Session

**STATE OF TENNESSEE v. JOSHUA LYNN PARKER**

**Appeal from the Circuit Court for Cocke County**
**No. 0177      Ben W. Hooper, III, Judge**

———————————

**No. E2008-02541-CCA-R3-CD - Filed September 22, 2010**

———————————

JAMES CURWOOD WITT, JR., J., dissenting and concurring.

I respectfully dissent from the majority's conclusion that the defendant's conviction of second degree murder should be upheld despite the absence of any proof that the defendant knowingly inflicted the lethal wound. The majority agrees that the evidence did not establish a knowing killing, the elemental and factual foundation for second degree murder. Indeed, the majority agrees that the trial court should not have instructed the jury on second degree murder as a lesser included offense of first degree felony murder. Despite these conclusions, the majority relies upon the mens rea regime for felony murder to impart culpability to the defendant for second degree murder.

I agree with our supreme court's holding in *State v. Ely*, 48 S.W.3d 710 (Tenn. 2001), that second degree murder is a lesser included offense of felony murder. In *Ely*, the supreme court said,

> After comparing the respective elements of felony murder, second degree murder, reckless homicide, and criminally negligent homicide, it appears that the elements of the lesser offenses are a subset of the elements of the greater and otherwise differ only in the mental state required. We hold that because the mental states required for the lesser offenses differ only in the level of culpability attached to each in terms of seriousness and punishment, the offenses of second degree murder, reckless homicide, and criminally negligent homicide are lesser-included offenses of felony murder under part (b) of the *Burns* test.

*State v. Ely*, 48 S.W.3d 710, 721-22 (Tenn. 2001). Determining that a lesser offense is at law a lesser included offense of a greater offense in and of itself does not, however, equate to determining that the unique elements of the lesser offense can be ignored. In other words, *Ely*'s determination that second degree murder is at law a lesser included offense of felony murder has very little to do with whether the State must support a conviction of the lesser offense of second degree murder with proof that the homicide was knowing.

In the present case, *Ely*'s application of the *Burns* justification analysis is actually more instructive than its legal determination that second degree murder is a *Burns* "(b)" lesser included offense of felony murder. The court was mindful that an instruction on a lesser included offense is not justified unless "there was . . . sufficient evidence from which reasonable jurors could have convicted Ely of second degree murder." *Id*. at 724. When determining whether the evidence justified a jury instruction on second degree murder as a lesser included offense of first degree felony murder, the supreme court in *Ely* actively scrutinized the record to determine that evidence was presented *that showed that the defendants knowingly committed the respective homicides. Id*. at 723-25. If "sufficient evidence from which reasonable jurors could have convicted" of a lesser included offense is required simply to justify a jury instruction on the lesser offense, why would it not follow that sufficient evidence of the lesser included offense is required to convict the defendant of said offense?

*Ely* aside, the current state of our law does not mandate the result reached by the majority. The use of the notion that evidence is sufficient to support a conviction on a lesser homicide offense when it supports a conviction on a greater offense has been limited, by and large, to convictions of voluntary manslaughter as lesser included offenses of higher grades of homicides. The potential problem with a jury's diminishing a charge of second degree murder, for instance, to voluntary manslaughter when the evidence showed a knowing killing was – and perhaps still is – the statutory definition of voluntary manslaughter as an "intentional or knowing killing of another *in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner.*" *See* T.C.A. § 39-13-211(a) (emphasis added). Generally, we have ruled that when the evidence supported a finding of a knowing or intentional killing and thus would have undergirded a verdict of first or second degree murder, the evidence was sufficient to support a voluntary manslaughter conviction despite that no evidence showed a state of passion produced by provocation sufficient to lead a reasonable person to act in an irrational manner. *See, e.g.,* *State v. Donald Knight*, No. M2008-01023-CCA-R3-CD, slip op. at 7 (Tenn. Crim. App., Nashville, Aug. 17, 2009) (holding that sufficient evidence of felony murder supported voluntary manslaughter conviction); *State v. Thomas David Collins*, No. E2004-01133-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Knoxville, July 29, 2005) (holding that sufficient evidence of second degree murder supported voluntary manslaughter conviction); *State v.*

*Lewis Christian*, No. W2004-01688-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Jackson, June 1, 2005) (holding that sufficient evidence of second degree murder supported voluntary manslaughter conviction). In such cases, whether we admitted it or not, we treated the passion/provocation formulation not as a true element of the proscribed offense to be established by the State but rather as a dispensation to a defendant who committed an otherwise intentional or knowing killing. This rule has been reasonably – even prudently – employed by the courts to uphold voluntary manslaughter convictions against defendants' sufficiency challenges because we recognized the fatuity of requiring the State to prove the application of dispensations granted to those defendants. The rule does not transfer to reductions of felony murder to second degree murder; the "knowing" element of second degree murder is a true element which the State is obliged to establish by evidence.

As an aside, a couple of cases do not escape my attention. The first is *McDonald v. State*, 512 S.W.2d 636 (Tenn. Crim. App. 1974), cited by the State for the proposition that when "the evidence was sufficient to support conviction for the greater offense charged, the defendant cannot complain of the jury['s] finding him guilty of the lesser offense." Defendant McDonald faced an indictment charging carnal knowledge of a female under 12 years of age (an offense currently considered as rape of a child). *Id.* at 636. The jury convicted McDonald of the lesser included offense of "assault with intent to commit a felony." *Id.* On appeal, McDonald "insist[ed] he was either guilty as charged or not guilty of any offense." *Id.* at 639. This court determined that the evidence was sufficient to support *either* conviction because "the offense of having carnal knowledge of a female under 12 years of age is initiated by an assault with intent to commit a felony – that felony, and the latter offense is necessarily included in the former." *Id.* at 640. Then, we said, "Thus, *if there are facts to substantiate any of the lesser degrees of the offense*, and the jury so finds and this is approved by the trial judge, then it is not error for the jury to convict of the lesser included offense even though the final act constituting the higher offense was committed." *Id.* (emphasis added). Thus, the *McDonald* court noted that a defendant "cannot complain of the jury['s] finding him guilty of the lesser offense" but only when the evidence supports the lesser conviction. *Id.* Unlike the defendant in the present case, McDonald argued that the evidence supporting his guilt of the child rape charge negated his guilt of the lesser included offense. This claim is wholly different from the present defendant's claim that he cannot stand guilty of second degree murder because the evidence adduced at trial failed to prove an essential element of the offense – the "knowing" mens rea.

Secondly, I address *State v. Mellons*, 557 S.W.2d 497 (Tenn. 1977), relied upon by the majority, and its progeny. *See, e.g., State v. Davis*, 751 S.W.2d 176, 169-70 (Tenn. Crim. App. 1988); *State v. Clay B. Sullivan*, No. M2004-02068-CCA-R3-CD, slip op. at 5-6 (Tenn. Crim. App., Nashville, Mar. 10, 2006); *see also State v. Cook*, 816 S.W.2d 322-324 (Tenn. 1991). *Mellons* relied upon statutory authority regarding lesser included offenses that

was repealed by the General Assembly in 1979. *See* 1979 Tenn. Pub. Acts page no. 1003. Additionally, *Mellons* relied heavily upon *Reagan v. State*, 293 S.W. 755 (Tenn. 1927); however, our supreme court's decision in *Reagan* involved a different standard of review for sufficiency of the evidence than that more recently required. *Reagan* specifically addressed whether an involuntary manslaughter conviction can stand when "there is no theory upon which [Reagan] is guilty of technical involuntary manslaughter" although evidence supported a "higher degree of homicide." *Reagan v. State*, 293 S.W. 755, 756 (Tenn. 1927). Since 1927, however, involuntary manslaughter has evolved into criminally negligent homicide, *see State v. Jones*, 151 S.W.3d 494, 499 (Tenn. 2004) (citing T.C.A. § 39-13-212); its theory is and was negligence. Negligence, as a mens rea rubric, cleanly fits within the higher, ascending rubrics of reckless, knowing, and intentional. *See* T.C.A. § 39-11-301(a)(2). No outlying factors – dispensational or otherwise – exist. Via logic in 1927 – and via Code section 39-11-301(a)(2) today, evidence of an intentional or knowing act ipso facto establishes that the act was negligent. I see no correlation to the present case wherein neither an intentional nor a knowing killing was shown.

In the present case, I agree that, in light of the proof of attempted rape, the evidence would have supported a verdict of felony murder; however, the jury acquitted the defendant of this offense. Based upon the circumstantial evidence and medical testimony offered at trial, the jury was justified in concluding that the defendant's attack caused the victim's death. A knowing killing, however, entails the defendant's awareness that "the conduct is reasonably certain to cause the result." T.C.A. § 39-11-302(b); *see also State v. Ely*, 48 S.W.3d 710 (Tenn. 2001) (Opinion on Petition to Rehear). As deplorable as the attempted rape was, I cannot point to anything in the evidence that suggests that the defendant knew that his treatment of the victim was "reasonably certain" to cause her death. Neither the hospital records nor medical examination showed any bruising from forceful trauma outside of a redness around the victim's neck. Doctor Mileusnic-Polchan testified that the victim's advanced age made her only slightly more vulnerable to developing a hemorrhage.

Thus, the State presented no basis for the jury's finding the defendant guilty of a knowing killing of the victim. For that reason, neither second degree murder nor voluntary manslaughter would be a legally supportable result. The record did establish that the defendant acted recklessly and was "aware of but consciously disregard[ed] a substantial and unjustifiable risk that . . . the result will occur." *See* T.C.A. § 39-11-302(c). Consequently, the evidence supports a conviction of reckless homicide. *See id.* § 39-13-216. I would impose a conviction of reckless homicide.

Finally, I respectfully express concern about the implications of the majority's holding that the defendant's conviction of second degree murder is valid despite lack of

proof of his acting knowingly to kill the victim. My concern emanates from two features of the current felony murder regime. The first involves the predicate felonies listed in Code section 39-13-202(a)(2), and the second involves the culpable mental state provision of section 39-13-202(b).

One can readily grasp the justification for felony murder theory when egregious predicate felonies such as first degree murder, terrorism, rape, robbery, or aggravated child abuse are at issue. The violent nature of such crimes or of the attempt to commit them imports an inherent risk of serious injury or death, but what of the predicate felony of theft? Theft, much less an attempt to commit theft, may be committed without the presence of or risk to a victim. *See* T.C.A. § 39-14-103.

Secondly, Code section 39-13-202(b)'s provision that "[n]o culpable mental state is required for conviction [of felony murder] except the intent to commit the enumerated [predicate] offenses or acts" heightens one's concern when a charge of felony murder is predicated upon theft. If a thief's negligent act or omission, of which the thief is unaware, occurs during the theft and leads to the death of another person, should a jury that rejects a charge of felony murder be justified in convicting the thief of second degree murder? Many hypothetical situations may be devised. I use only one: A man enters a parked vehicle to steal the radio. In the process of detaching the radio from the car, he inadvertently knocks the car out of gear. Being no longer secured in place by its transmission, the car rolls slowly enough that its movement is imperceptible to the thief trying to detach the radio until it rolls into an intersection and into the path of a second vehicle traveling on a through street into the intersection, resulting in a collision and the death of a person in the second vehicle. Would a jury, after rejecting the charged offense of felony murder because it found it to be harsh under the circumstances, be warranted in convicting the thief of second degree murder – an offense that by its terms requires the knowing killing of another? I do not believe that in such a scenario, the State could have proceeded initially with a charged offense of second degree murder and obtained a sustainable conviction. Should it be able to enjoy a different result by initially charging felony murder? The same can be said of the instant case. The State could not have proceeded against the defendant with an initial charge of second degree murder; indeed, the State dismissed a charge of second degree murder against the defendant. Should we nevertheless sustain the defendant's conviction of second degree murder simply because the defendant was initially charged with felony murder?

I opine that requiring the State to prove beyond a reasonable that one convicted of second degree murder acted knowingly to kill to victim is not only required by law but hedges against what could be unfair results when the felony murder regime is in play.

In all other respects, I concur in the opinion of the majority.

_____
JAMES CURWOOD WITT, JR., JUDGE