**IN THE SUPREME COURT OF TENNESSEE**
**AT KNOXVILLE**

**FOR PUBLICATION**

**FILED**

**Filed: June 21, 1999**

June 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | MCMINN COUNTY |
| | ) | |
| v. | ) | Hon. Carroll L. Ross, |
| | ) | Judge |
| J. C. MEYER, | ) | |
| | ) | Supreme Court |
| Defendant/Appellant. | ) | No. 03-S01-9812-CR-00140 |

FOR APPELLANT:

Charles M. Corn
District Public Defender
Cleveland, TN

FOR APPELLEE:

Michael E. Moore
Solicitor General

Elizabeth B. Marney
Assistant Attorney General
Nashville, Tennessee

Jerry N. Estes
District Attorney General
Tenth Judicial District

Richard Newman
Assistant District Attorney
Athens, TN

# O P I N I O N

TRIAL COURT AND
COURT OF CRIMINAL APPEALS REVERSED;
CASE REMANDED TO TRIAL COURT.

DROWOTA, J.

In this appeal, we consider whether erroneous instructions read to the jury amounted to harmless error.  The trial court correctly instructed the jury that if the Defendant were convicted of rape of a child, his sentence would range from twenty-five to forty years for each count.  However, the trial court erroneously instructed the jury that a person convicted of rape of a child would have to serve 5.73 years before his or her earliest release eligibility date, when in fact a person so convicted must serve the entire sentence undiminished by any sentence reduction credits.  After he was convicted of two counts of rape of a child, the Defendant appealed to the Court of Criminal Appeals.  The Court of Criminal Appeals found that, although the jury instruction was incorrect, the error was harmless.  On appeal to this Court, the State now concedes that the trial court's error was, in fact, harmful.  We agree and remand this case to the trial court for a new trial.

**FACTS & PROCEDURAL HISTORY**

In 1996, the Defendant was charged with four counts of rape of a child, stemming from events occurring between January and May 1995, in which the Defendant allegedly vaginally and orally raped his girlfriend's eight-year-old child.  Two counts were later dismissed and the Defendant was tried in McMinn County in October of 1996.  Following closing arguments, the Defendant requested the trial court to instruct the jury on possible penalties for the charged offense as well as

lesser included offenses. See Tenn. Code Ann. §§ 40-35-201(b) (Supp. 1995).[1] The

jury was charged as follows:

> We're gonna talk now about the range of punishment of the allegations here today. The jury will not attempt to fix any sentence. However, you may weigh and consider the meaning of a sentence of imprisonment, and set a fine in the amounts indicated below, if you wish to do so. The range of punishment for the crimes involved herein are as follows:
>
> 25 to 40 years in the state penitentiary for the crime of rape of a child, and a fine of some amount not exceeding $50,000.
>
> 12 to 20 years in the state penitentiary for the crime of aggravated sexual battery, and a fine in some amount not exceeding $25,000.
>
> You are further informed that the minimum number of years a person sentenced to imprisonment for the offense of rape of a child must serve before reaching the earliest release eligibility date is 5.73 years. You are further informed that the minimum number of years a person sentenced to imprisonment for the offense of aggravated sexual battery must serve before reaching the earliest release eligibility date is 2.75 years. Whether a defendant is actually released from incarceration on the date when first eligible for release is a discretionary decision made by the Board of Parole for the State of Tennessee and is based on many factors. The Board of Parole has the authority to require a defendant to serve the entire sentence imposed by the Court.

The jury convicted the Defendant of two counts of rape of a child, and the trial court

denied the Defendant's motion for a new trial.

The Defendant raised several issues on appeal to the Court of Criminal

Appeals, including the argument that the trial court erred by instructing the jury that

---

[1]This provision provides that for all non-capital criminal cases, if requested, the trial court "shall charge the possible penalties for the offense charged and all lesser included offenses." Tenn. Code Ann. § 40-35-201(b)(1). This instruction "shall include an approximate calculation of the minimum number of years a person sentenced to imprisonment . . . must serve before reaching such person's earliest release eligibility date." Id. § 40-35-201(b)(2)(A)(i). This provision was recently repealed by the General Assembly in 1998, so that for all non-capital criminal trials subsequent to May 19, 1998, the "judge shall not instruct the jury, nor shall the attorneys be permitted to comment at any time to the jury, on possible penalties for the offense charged nor all lesser included offenses." 1998 Tenn. Pub. Acts ch. 1041, § 1; Tenn. Code Ann. § 40-35-201 (Supp. 1998).

the Defendant would be eligible for release following a conviction of child rape upon serving 5.73 years of his sentence. Despite finding that the trial judge's instruction was incorrect, the Court of Criminal Appeals found the error to be harmless due to "substantial" evidence in support of a conviction. Holding that the other issues raised by the Defendant were without merit, the Court of Criminal Appeals affirmed the judgment of the trial court. Subsequently, the Defendant appealed to this Court, raising the sole contention that the trial court's erroneous jury charge constituted reversible error and, thus, the Defendant is entitled to a new trial.

## DISCUSSION

It is beyond dispute that the trial court erred by instructing the jury that the Defendant, if convicted of one count of rape of a child, would be eligible for release after serving 5.73 years in prison. Tennessee Code Annotated §§ 40-35-501(i)(3) (Supp. 1995) and 39-13-523(b) (Supp. 1995) provide that a defendant convicted of child rape is not eligible for early release and, thus, must serve the entire sentence imposed. Relying on our decision in State v. Cook, 816 S.W.2d 322 (Tenn. 1991), the State now concedes that the trial court's erroneous jury instruction constitutes reversible error and that the defendant is entitled to a new trial. We agree.

In Cook, the defendant, charged with multiple counts of aggravated rape and aggravated sexual battery, requested the trial judge to instruct the jury on possible punishment for the charged offenses and lesser included offenses in accordance with Tenn. Code Ann. § 40-35-201(b). The trial court erroneously instructed the jury with regard to Range I sentences when, in fact, more severe Range II sentences were

-4-

applicable. The defendant was convicted of several counts, the trial court imposed a sentence in accordance with Range I, and both parties appealed. The Court of Criminal Appeals affirmed the convictions but ordered a new sentencing hearing, agreeing with the State that the trial judge should have sentenced the defendant as a Range II offender. Cook appealed to this Court, contending that the CCA erred in ordering that he be sentenced as a Range II offender, when the jury was only instructed of his possible punishments as a Range I offender.[2] We agreed with the defendant and ordered a new trial. In so holding, we recognized that no constitutional error was involved, that a statutory right deprivation was the basis of error, and that "actual deprivation would occur upon remand for resentencing, when, under the Court of Criminal Appeals' judgment, the defendant would be sentenced to punishment not known to or contemplated by the convicting jurors." Cook, 816 S.W.2d at 326. Accordingly, we reversed Cook's convictions and remanded for a new trial, stating that "whatever rights or benefits the Legislature had in mind for the defendant when it passed Tenn. Code Ann. § 40-35-201(b) would be lost if the defendant were to be sentenced to punishments greater than what the jury finding guilt was instructed would be imposed." Id. at 327.

**CONCLUSION**

In light of our holding in Cook, we agree with the Defendant and the State that the Defendant was prejudiced by the trial court's erroneous instruction. It is

---

[2]An amicus curiae party in Cook argued that "if the jury is mistakenly instructed that a conviction will result in a shorter sentence than in fact will be imposed, the likelihood of conviction of the crime charged in the indictment increases and the chance that the jury will convict of a lesser included offense decreases commensurately." Cook, 816 S.W.2d at 325.

conceivable that the Defendant would have been convicted of a lesser offense had the jury known that the Defendant would not be eligible for early release. Accordingly, we reverse the decision of the Court of Criminal Appeals which found the trial court's error to be harmless, <u>see</u> Tenn. R. App. P. 36(b), and remand this case to the trial court for a new trial.

Costs on appeal are taxed to the State of Tennessee.

_____
FRANK F. DROWOTA, III,
JUSTICE

**Concur:**

Anderson, C.J.
Birch, Holder, Barker, JJ.