# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## DECEMBER SESSION, 1999

FILED

March 31, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| FRED EDMOND DEAN,<br>a/k/a OMAWALI ASHANTI<br>SHABAZZ | )<br>)<br>) | E1998-00135-CCA-R3-PC |
| | ) | |
| Appellant, | ) | |
| | ) | SULLIVAN COUNTY |
| VS. | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | HON. R. JERRY BECK, |
| | ) | JUDGE |
| Appellee. | ) | |
| | ) | (Post-Conviction) |

FOR THE APPELLANT:

KENNETH D. HALE
P.O. Box 274
Bristol, TN 37621-0274

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

MARK E. DAVIDSON
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

GREELEY WELLS
District Attorney General

BARRY STAUBUS
Assistant District Attorney General
Blountville, TN 37617

OPINION FILED _____

**REVERSED IN PART; POST-CONVICTION RELIEF GRANTED IN PART**

**DAVID H. WELLES, JUDGE**

# <u>OPINION</u>

The Petitioner, Fred Edmond Dean, also known as Omawali Ashanti Shabazz, appeals as of right from the trial court's denial of post-conviction relief after an evidentiary hearing. The Petitioner was originally indicted for first degree murder and attempted first degree murder. He was tried before a jury on January 24-26, 1995, and was found guilty of the lesser included offenses of second degree murder and attempted second degree murder. The trial court sentenced him to thirty years incarceration as a Range II multiple offender for the second degree murder conviction and to fifteen years as a Range II multiple offender for the attempted second degree murder conviction. The sentences were ordered to be served consecutively. The Petitioner then appealed his convictions and sentences to this Court, and we affirmed the judgment of the trial court. <u>See State v. Fred Edmond Dean</u>, C.C.A. No. 03C01-9508-CC-00251, 1997 WL 7550 (Tenn. Crim. App., Knoxville, Jan. 10, 1997). The supreme court denied permission to appeal.

On July 10, 1997, the Petitioner filed a <u>pro se</u> petition for post-conviction relief. The post-conviction court appointed counsel, who filed a supplemental petition. An evidentiary hearing on the petition was held on October 30, 1998. The post-conviction judge subsequently entered a written order in which he made extensive and thorough findings of fact and denied post-conviction relief. On appeal from that denial, the Petitioner raises the following issues:

> I. Whether the post-conviction court erred in failing to find that the trial court engaged in judicial misconduct.

II. Whether the post-conviction court erred in failing to find that the erroneous sentencing instruction entitled the Petitioner to relief.

III. Whether the post-conviction court erred in failing to find that the lost rent receipt constituted a Brady violation, entitling the Petitioner to relief.

IV. Whether the post-conviction court erred in failing to find that the erroneous discovery response concerning a statement made by Freda Michelle Lubeke entitled the Petitioner to relief.

V. Whether the post-conviction court erred in failing to find that the "moral certainty" charge to the jury entitled the Petitioner to relief.

VI. Whether the post-conviction court erred in failing to rule upon all issues raised by the Petitioner.

We partially reverse the judgment of the post-conviction court and grant the Petitioner post-conviction relief with respect to his attempted second degree murder conviction.

Relief under our Post-Conviction Procedure Act will be granted only when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by either the Tennessee Constitution or the United States Constitution. Tenn. Code Ann. § 40-30-203. At a post-conviction hearing, the petitioner has the burden of proving the allegations of fact by clear and convincing evidence. Id. § 40-30-210(f). The findings of fact made by the trial court are conclusive on appeal unless the evidence preponderates otherwise. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).

To be considered, a petition for post-conviction relief must show that the claims for relief have not been waived or previously determined. See Tenn. Code Ann. § 40-30-206(f). A ground for relief is waived if the petitioner failed to present

it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. Id. § 40-30-206(g). There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived. Id. § 40-30-210(f). The rebuttable presumption of waiver is not overcome by allegations that the petitioner did not personally waive the ground for relief. Waiver is to be determined by an objective standard, under which the petitioner is bound by the action or inaction of his attorney. House v. State, 911 S.W.2d 705, 706 (Tenn. 1995).

The Petitioner first argues that the post-conviction court erred in failing to find that the trial court engaged in judicial misconduct. This is an issue which could have been raised at the trial court level and on direct appeal. The Petitioner did not set forth in his petition for post-conviction relief any reason why this issue was not previously raised. Although the State's response to the petition asserted that the issue was waived for failure to present it at a prior proceeding, the Petitioner never responded with an explanation of why it was not previously raised. The post-conviction court considered the issue on the merits, and after making thorough findings of fact, determined that the trial judge did not engage in judicial misconduct and that, even if he did, such conduct was harmless. We conclude that the evidence does not preponderate against these findings, but we also find that the Petitioner failed to rebut the presumption that the issue was waived. Consequently, any alleged judicial misconduct is not a cognizable ground for relief in this post-conviction proceeding. See id.; Tenn. Code Ann. § 40-30-206(f), (g).

The Petitioner next claims that the post-conviction court erred in failing to find that the erroneous sentencing instruction entitled him to relief. Both parties agreed that the trial court erred in instructing the jury that the sentence range for attempted second degree murder was three to ten years, when the actual sentence range for the offense was eight to thirty years. See Tenn Code Ann. § 40-35-111(b)(2). Because the Petitioner was a Range II offender, his actual sentence range was twelve to twenty years. See id. § 40-35-112(b)(2). Although the sentencing instruction was incorrect, the Petitioner failed to object to the instruction at trial, failed to challenge the instruction in the motion for a new trial, and failed to challenge the instruction on direct appeal. Because this issue could have been presented at a prior proceeding and because the Petitioner failed to rebut the presumption of waiver, we find that this issue is waived. Moreover, the failure to give a correct jury instruction on the sentence range is a violation of a statutory right, not a constitutional right. State v. Cook, 816 S.W.2d 322, 326 (Tenn. 1991); State v. Meyer, 994 S.W.2d 129, 131 (Tenn. 1999). As such, it is not a proper ground for post-conviction relief. See Tenn. Code Ann. § 40-30-203.

Notwithstanding, the Petitioner also alleges that he was denied the effective assistance of counsel due to his trial counsel's failure to challenge the erroneous jury instruction in the motion for a new trial and his appellate counsel's failure to raise the issue on direct appeal. In Gideon v. Wainwright, 372 U.S. 335 (1963), the Supreme Court held that the Sixth Amendment right to counsel was "'so fundamental and essential to a fair trial . . . that it is made obligatory upon the States by the Fourteenth Amendment.'" Id. at 340 (quoting Betts v. Brady, 316 U.S. 455, 465 (1942)). This right to trial counsel includes the right to effective trial counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). In Douglas

v. California, 372 U.S. 353 (1963), the Supreme Court held that the Fourteenth Amendment guarantees a defendant the right to counsel through the first appeal. Id. at 357-58. Recognizing that ineffective representation is no better than no counsel at all, the right to counsel was held to necessarily encompass the constitutional right to effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985).

The same principles apply in determining the effectiveness of both trial and appellate counsel. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995). To determine whether counsel provided effective assistance, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that counsel was ineffective, a petitioner bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner, resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v.

-6-

State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper 849 S.W.2d at 746.

The Petitioner here alleges that trial counsel was ineffective for failing to challenge the erroneous jury instruction on the range of punishment for attempted second degree murder in the motion for a new trial and that appellate counsel was ineffective for failing to challenge the jury instruction on direct appeal. The post-conviction court recognized that the trial court gave an erroneous jury instruction, but determined that the issue could not be reached through an ineffective assistance of counsel claim because of the supreme court's decision in Overton v. State, 874 S.W.2d 6 (Tenn. 1994).

In Overton, the defendant was indicted for and convicted of multiple counts of aggravated rape, rape, aggravated sexual battery, and sexual battery. Id. at 8. The trial court erroneously omitted the elements of "force" and "resistance," from its jury instruction on the law of aggravated rape although these elements were required by law at the time of the offense. Id. at 11. This could have been prejudicial because the State did not submit any proof of force at trial. Id. at 9. The defendant filed a petition for post-conviction relief alleging, among other things, that counsel was ineffective for failing to object to the erroneous jury instruction. Id. at 8. The supreme court acknowledged that the jury instruction was erroneous and stated that "the erroneous instruction could have been instrumental in securing the defendant's conviction." Id. at 11. However, the court then proclaimed,

> Although this instruction may well have constituted reversible error in this case, we agree with the Court of Criminal Appeals that it is not a cognizable ground for relief in a post-conviction petition. Relief may be granted on a post-conviction petition only when the sentence or conviction is void or voidable because it contravenes a state or federal constitutional right of the defendant. Moreover, to allow every error committed by the trial court to be recast in a post-conviction petition as an ineffective assistance of counsel allegation would be to subvert the limited purposes of the post-conviction procedure.

Id. at 11-12.

Our research has revealed two distinct lines of cases addressing the ineffective assistance of counsel issue since Overton. In some cases in which a petitioner alleged ineffective assistance of counsel because of failure to challenge erroneous jury instructions, this Court has simply cited Overton for the proposition that jury instructions cannot be considered in the posture of ineffective assistance of counsel, and we have denied relief accordingly. See Ricky Harris v. State, C.C.A. No. 03C01-9611-CR-00410, 1998 WL 191441 (Tenn. Crim. App., Knoxville, Apr. 23, 1998); State v. Edwin E. Jesperson, C.C.A. No. 03C01-9602-CC-00058, 1997 WL 39501 (Tenn. Crim. App., Knoxville, Jan. 28, 1997); Phillip Rex Spight v. State, C.C.A. No. 02-C-01-9502-CR-00034, 1995 WL 686118 (Tenn. Crim. App., Jackson, Nov. 15, 1995). In other cases, we have recognized that defendants in criminal cases have a constitutional right to effective assistance of counsel, and we have addressed the claim on the merits. See David A. Scott, III v. State, C.C.A. No. 01C01-9709-CR-00400, 1999 WL 233643 (Tenn. Crim. App., Nashville, Apr. 20, 1999); Ricky J. Summers v. State, C.C.A. No. 01C01-9708-CC-00323, 1999 WL 173977 (Tenn. Crim. App., Nashville, Mar. 30, 1999); Gregory Morgan v. State, C.C.A. No. 03C01-9611-CR-00404, 1999 WL 76108 (Tenn. Crim. App., Knoxville, Jan. 15, 1999). We have

also found one supreme court case in which the petitioner alleged that his trial counsel was ineffective, and he testified at the post-conviction hearing that one of the reasons counsel was ineffective was failure to request special jury instructions. Although the supreme court did not specifically address this issue on the merits, it did not say that it could not consider the ineffectiveness of counsel with respect to jury instructions. Instead, it found that "there is nothing in this record to establish that [the petitioner] was not effectively assisted by trial counsel in the course of his conviction proceedings." Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995).

Although we acknowledge some confusion in this area of the law, we conclude that the post-conviction court erred in determining that Overton precluded consideration of ineffective assistance of counsel in this instance. The supreme court in Overton determined that the underlying claim, concerning the trial court's erroneous jury instructions, was not a constitutional error and therefore was not a proper ground for post-conviction relief. See Overton, 874 S.W.2d at 11-12. We generally agree with this conclusion. However, the right to effective assistance of counsel is itself a constitutional issue. See Strickland, 466 U.S. at 686; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Baxter, 523 S.W.2d at 936. The abridgement of that constitutional right is not dependant upon the underlying act or omission of counsel involving the violation of another constitutional right. For example, in Strickland the Supreme Court indicated that in some circumstances the failure to investigate may result in ineffective assistance of counsel. Strickland, 466 U.S. at 691. In Goad, our supreme court found trial counsel to be ineffective for failing to investigate, explore, and prepare expert proof on post-traumatic stress disorder as a mitigating circumstance in a

-9-

murder case. Goad, 938 S.W.2d at 371. We find nothing which indicates that criminal defendants have a constitutional right to these services apart from their right to effective assistance of counsel.

We believe the supreme court's statement in Overton, that "to allow every error committed by the trial court to be recast in a post-conviction petition as an ineffective assistance of counsel allegation would be to subvert the limited purposes of the post-conviction procedure," acknowledges that ineffective assistance of counsel can be a ground for post-conviction relief, apart from the underlying error at the trial or appellate court level. See Overton, 874 S.W.2d at 12. From this statement, we conclude that the supreme court was merely cautioning against the use of ineffective assistance of counsel as a mechanism for bringing otherwise improper issues before the post-conviction courts. We reject the conclusion that the supreme court was carving out a "failure to object to jury instructions" exception to ineffective assistance of counsel claims. If counsel performed in a manner below the standard of competence of attorneys in this state, and that performance prejudiced the defendant, it should not matter whether the insufficiency was due to failure to properly investigate a case or failure to challenge erroneous jury instructions. Either action could support a finding of ineffective assistance which would warrant post-conviction relief.

Having found that this is a proper issue for post-conviction consideration, we now turn to the case at hand and address the merits of the Petitioner's claim of ineffective assistance of counsel. In State v. Cook, 816 S.W.2d 322 (Tenn. 1991), our supreme court held that former Tennessee Code Annotated § 40-35-201(b) gives a defendant a statutory right to have the jury know the range of

punishment applicable to the charges before deciding guilt or innocense.  Id. at

326.[1]  In so holding, the court stated,

> It is widely perceived by those who observed the operations of our trial courts in previous times, when juries had the additional responsibility of setting punishment, that often they seemed to find guilt of a crime not necessarily most strongly suggested by the evidence, but one the punishment for which suited their sense of justice for the case.  Apparently the Legislature desired to give those charged with crimes the option of making certain that the jury knew the punitive consequences of guilty verdicts in the cases under consideration, and this court respects the right of the Legislature to do so.

Id. at 326-27.


The defendant in Cook was charged and subsequently convicted of multiple counts of aggravated rape and aggravated sexual battery.  The jury was instructed that the "possible punishment" for aggravated rape was twenty to forty years and that the "possible punishment" for aggravated sexual battery was five to twenty years.  These were the Range I penalties.  The Range II penalties were forty years to life for aggravated rape and twenty to thirty-five years for aggravated sexual battery.  See Tenn. Code Ann. §§ 39-2-603, 39-2-606 (repealed 1989).  Both parties appealed, and this Court affirmed the convictions but remanded for a new sentencing hearing because the trial court erred in sentencing the defendant as a Range I offender.  See Cook, 816 S.W.2d at 323.  The defendant then appealed to the supreme court, which remanded the case for a new trial because the jury was not instructed as to the possible penalties under Range II.  Id. at 327.  The supreme court held that

---

[1]   Prior to 1998, this statute required the trial court to instruct the jury on the applicable range of punishment for the crimes charged and lesser included offenses, upon the request of either party.  See Tenn. Code Ann. § 40-35-201(b) (1997).  In 1998, this provision was repealed.  Now, the trial court is not permitted to instruct the jury on possible penalties for the crimes charged and lesser included offenses.  See Tenn. Code Ann. § 40-35-201(b) (Supp. 1999).

whatever rights or benefits the Legislature had in mind for the defendant when it passed T.C.A. 40-35-201(d) would be lost if the defendant were to be sentenced to punishments greater than what the jury finding guilt was instructed would be imposed.

The Legislature, in its wisdom, certainly has the right and power to direct the judicial process. They have said that where a defendant wants his trial jury to know the range of possible punishments resulting from convictions that he is entitled to have that information conveyed to the jury. To deny this defendant that statutory right constitutes prejudice to the judicial process, rendering the error reversible under Rule 36(b) T.R.A.P.

We, therefore, find the error to be prejudicial, reverse the convictions and remand the charges to the trial court for a new trial.

Id.

Cook, decided in 1991, was a published supreme court decision when the Petitioner was tried by jury in 1995. It is clear from Cook that when a jury convicts a defendant of an offense, after being erroneously informed that the possible penalties for that offense are lower than they really are, the conviction for that offense must be reversed and the case remanded for a new trial. To sentence a defendant to a punishment not known or contemplated by the convicting jurors would deprive the defendant of the statutory right granted by the Legislature. See Cook, 816 S.W.2d at 326. The Petitioner's trial counsel testified at the post-conviction hearing that he was unaware that the trial court gave an erroneous instruction on the range of punishment and that he was not familiar with the Cook case. As such, he did not raise it as an issue in the motion for a new trial. Although the Petitioner's appellate counsel did not testify at the post-conviction hearing, it appears from our decision on the Petitioner's direct appeal that the issue was not raised on direct appeal. See Dean, 1997 WL 7550, at *1. The State does not dispute that the issue was not raised on direct appeal. Because Cook was decided four years prior to the Petitioner's trial, we believe that it was below the range of competence of attorneys in this state for trial

-12-

counsel to be unaware of Cook as the current state of the law and to fail to assert the Petitioner's rights under Cook in the motion for a new trial. Likewise, it was below the range of competence of attorneys in this state for appellate counsel to fail to assert the Petitioner's rights under Cook on direct appeal.

Having found that both trial and appellate counsel were deficient in their representation, we now turn to whether that deficiency prejudiced the Petitioner. We believe that prejudice is obvious in this instance. Had counsel asserted the Petitioner's rights under Cook, he would have been granted a new trial. He was convicted of attempted second degree murder after the jury was erroneously instructed that the range of punishment was three to ten years. The entire range of punishment was actually eight to thirty years, and the range applicable to the Petitioner was twelve to twenty years. It is possible, albeit unlikely, that had the jury known the correct range of punishment, it would have convicted the Petitioner of a lesser included offense. Regardless, the holding in Cook mandates a new trial based on the statutory right to a correct charge on the range of punishment.

The holding in Cook was most recently emphasized in State v. Meyer, 994 S.W.2d 129 (Tenn. 1999), in which the jury was instructed that if the defendant was convicted of rape of a child, his sentence would range from twenty-five to forty years for each count. Id. at 130. While this was a correct statement, the jury was then erroneously instructed that the defendant would have to serve 5.73 years before his earliest release eligibility date, when in fact he would have to serve the entire sentence undiminished by any sentence reduction credits. Id. The defendant was convicted of two counts of rape of a child, and he appealed.

Id. This Court found the instruction to be error, but determined that the error was harmless due to "substantial" evidence in support of the conviction. Id. The supreme court granted review and remanded for a new trial based on the holding in Cook. Id. at 131. The supreme court stated,

> In light of our holding in Cook, we agree with the Defendant and the State that the Defendant was prejudiced by the trial court's erroneous instruction. It is conceivable that the Defendant would have been convicted of a lesser offense had the jury known that the Defendant would not be eligible for early release.

Id. at 132.[2]

Based on Cook and Meyer, we conclude that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Had the erroneous jury instruction been challenged either at the trial court level or on appeal, the Petitioner would have likely been granted a new trial. Accordingly, we hold that the Petitioner was deprived of the effective assistance of counsel at trial and on appeal, and we grant the Petitioner post-conviction relief with respect to his attempted second degree murder conviction.

In his next two issues, the Petitioner contends that the post-conviction court erred in failing to find that a lost rent receipt constituted a Brady violation which entitled him to relief and that the post-conviction court erred in failing to find that the erroneous discovery response concerning a statement made by a State's witness, Freda Michelle Lubeke, entitled him to relief. The Petitioner did not present these issues at any previous proceeding in which they could have been

---

[2]   Once Meyer reached the supreme court, the State conceded that the erroneous jury instruction constituted reversible error. Meyer, 994 S.W.2d at 131.

raised, and he did not set forth any reasons to explain why he failed to present these issues. Accordingly, we find that he waived consideration of these issues. See Tenn. Code Ann. § 40-30-206(f), (g).

Similarly, in his next issue, the Petitioner contends that the post-conviction court erred in failing to find that the "moral certainty" charge to the jury entitled him to relief. Like the previous issues, this issue is waived for failure to rebut the presumption of waiver. See id. The Petitioner did allege in his pro se petition that he did not waive the issue because he did not "personally" waive a challenge to the reasonable doubt jury instruction which was given at trial. However, a petitioner is bound by the actions of his attorney. The presumption of waiver is not overcome by an allegation that the petitioner did not personally, knowingly, and understandingly fail to raise a ground for relief. House, 911 S.W.2d at 714. We also note that similar reasonable doubt instructions, which have contained the phrase "moral certainty," have been consistently upheld in the courts. See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 365-66 (Tenn. Crim. App. 1994).

Finally, the Petitioner asserts that the post-conviction court erred in failing to rule upon all the issues he raised. Specifically, he alleges that the court should have granted him relief because the trial court erroneously excluded the testimony of his expert witness on the issue of premeditation and because the trial court failed to properly respond to the jury on the issue of whether the victim's family would receive any of the fines assessed by the jury. These issues were not raised in any prior proceeding, and we can find nothing in the record

which would indicate that the Petitioner rebutted the presumption of waiver. Accordingly, the issues are waived.  <u>See</u> Tenn. Code Ann. § 40-30-206(f), (g).

In conclusion, we hold that the Petitioner was denied the effective assistance of counsel due to his trial counsel's failure to challenge the range of punishment jury instruction for attempted second degree murder in the motion for a new trial, and he was denied the effective assistance of counsel due to his appellate counsel's failure to challenge the jury instruction on appeal.  All other issues raised by the Petitioner have been waived.  We therefore reverse the judgment of the post-conviction court in part and grant the Petitioner post-conviction relief with respect to his attempted second degree murder conviction. That conviction is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
JERRY L. SMITH, JUDGE