IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 3, 2002

## ISAAC MILHOLEN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Chester County**
**No. 01-4327     Roy B. Morgan, Jr., Judge**

**No. W2002-00963-CCA-R3-PC  - Filed March 26, 2003**

The petitioner, Isaac Milholen, was convicted in 1997 of rape of a child and incest and sentenced to twenty-three years and eight years, respectively.  His convictions were affirmed on direct appeal. Subsequently, he filed a petition for post-conviction relief alleging ineffective assistance of counsel. The post-conviction court dismissed his petition because he had brought an ineffective assistance of counsel claim in his direct appeal,[1] and he now appeals that dismissal.  We affirm the order of the post-conviction court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Lloyd R. Tatum, Henderson, Tennessee, for the appellant, Isaac Milholen.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In the direct appeal of the petitioner's convictions, this court set out the facts of the two offenses:

> The proof at trial established that the child, TM, was picked up by her father on November 15, 1996, and taken home.  After taking a shower, the defendant removed his daughter's clothes and engaged in sexual penetration of his daughter.  On Saturday night,

---

[1]We note that counsel now representing the petitioner did not do so either at trial on in the direct appeal of his convictions.

TM told her mother what had happened, and the mother, in examining her daughter, found her vagina red. The child's version was corroborated by the testimony of Dr. Ramer, who found the child's vaginal orifice as large as an adult's, which is unusual in a 10-year-old child. Dr. Ramer's medical opinion was that the child had been sexually penetrated. The convicting jury was entitled to give what weight they wished regarding the defendant's statement to Investigator Wilson about his daughter's possible pregnancy and his vasectomy.

State v. Isaac Milholen, No. 02C01-9810-CC-00316, 1999 WL 562214, at *4 (Tenn. Crim. App. Aug. 3, 1999), perm. to appeal denied (Tenn. Feb. 7, 2000) (footnote omitted).

The chronology of the petitioner's legal representation during the direct appeal of his convictions is that, following the convictions but before the petitioner was sentenced, trial counsel was replaced and substitute counsel then represented the petitioner at sentencing, the filing of and hearing on the motion for new trial, and for the direct appeal. Substitute counsel, in his appellate brief on direct appeal, argued that trial counsel had been ineffective by failing to request jury instructions as to sentencing:

> Further, at the time of appellant's trial, neither [State v. Jason M.] Weiskopf, [No. 02C01-9611-CR-00381, 1998 WL 40672 (Tenn. Crim. App. Feb. 4, 1998), aff'd after remand, 2000 WL 1664231 (Tenn. Crim. App. Oct. 11, 2000)] nor [State v. Michael] Dinkins, [No. 02C01-9702-CR-00075, 1998 WL 106224 (Tenn. Crim. App. Mar. 12, 1998)] had been decided. Accordingly, the state of the law at the time of the trial now at issue was that as set forth by the Supreme Court in [State v.] Cook, [816 S.W.2d 322 (Tenn. 1991)]. In the face of the strong language stressing the importance of an instruction on sentencing ranges in Cook, appellant's trial counsel's failure to request such an instruction rendered his performance deficient.

> In order to establish a claim for ineffective assistance of counsel, a defendant must show that his counsel's representation was something less than that guaranteed by the Sixth Amendment, and that counsel's deficient performance deprived the defendant of a fair trial. See, Strickland v. Washington, 466 U.S. 668, 687 (1984). The fact that the jury deliberated for more than six hours is indicative of the fact that they had some reservations about what verdict should be returned. That juror uncertainty demonstrates the likelihood that trial counsel's failure to request the subject jury instruction was so serious so as to deprive the Appellant of the effective assistance of counsel

constitutionally guaranteed him and render the results of his trial unreliable. Consequently, this Court should grant the Appellant a new trial.

On direct appeal, this court considered and determined to be without merit the claim of ineffective assistance of counsel, which had been raised in the appeal:

The defendant contends that he was denied due process in that no charge on the range of punishment was provided to the jury. The defendant argues that this failure was so serious so as to deprive him of the assistance of effective counsel. The State contends the defendant did not request that the jury be charged on the applicable range of punishment, and, thus, the defendant is actually challenging the effectiveness of trial counsel's performance.

The record clearly establishes that the defendant did not file a request for the jury to be informed of the range of punishment for rape of a child, incest, or any included offenses. Pursuant to the Tennessee Criminal Sentencing Reform Act of 1989, either the defendant or the State could request the trial court to charge the jury on the range of punishment for a criminal offense:

In all contested criminal cases, except for capital crimes which are governed by the procedures contained in Tenn. Code Ann. § 39-13-204 and 39-13-205, upon the motion of either party, filed with the court prior to the selection of the jury, the court shall charge the possible penalties for the offense charged and all lesser included offenses. Tenn. Code Ann. § 40-35-201(b)(1) (Repealed).

If trial counsel made errors, it is the burden of the defendant to establish counsel was not functioning as guaranteed under the Sixth Amendment, and the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 667, 687, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). The defendant has presented no evidence whatsoever as to why trial counsel elected not to request a range of punishment instruction. Thus, when reviewing trial counsel's actions, this Court will not use the benefit of hindsight to second guess trial strategy and to criticize trial counsel's tactics. State v. Hellard, 629 S.W.2d 4, 9 (Tenn. 1982). We find there is no merit to this issue.

3

Id. at **4-5.

Subsequent to his convictions being affirmed on direct appeal, the petitioner filed through counsel a petition for post-conviction relief, alleging that trial counsel had been ineffective in several specific ways. The State responded that the question of the effectiveness of petitioner's trial counsel had been raised as an issue on direct appeal, decided adversely to the petitioner, and, thus, the petitioner was seeking to relitigate the previously determined claim. The post-conviction court agreed with the State's position and dismissed the petition for post-conviction relief. In pertinent part, the post-conviction court determined:

> 2. The sole issue raised by the petition is the denial of effective assistance of counsel.
>
> 3. The State and defendant are in agreement that the issue of effective assistance of counsel was raised and decided on appeal albeit the sole consideration raised was whether counsel was ineffective for failing to seek a jury institution [sic] as to the range of punishment.
>
> 4. The petitioner through counsel concedes and the State agrees that effective assistance of counsel is a single issue and all grounds or facts constituting ineffectiveness must be raised at the same time.

As to claims being "previously determined," Tennessee Code Annotated section 40-30-206(h) provides:

> A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

This court has determined that a claim of ineffective assistance of counsel is a single issue, the merits of which may be determined only once regardless of whether different grounds are alleged in a subsequent proceeding as to why trial counsel was ineffective. See Cone v. State, 927 S.W.2d 579, 581 (Tenn. Crim. App. 1995).

This court dealt with a nearly identical situation as here in Vernon West v. State, No. W1999-01604-CCA-R3-PC, 2001 WL 128554 (Tenn. Crim. App. Feb. 12, 2001), and determined, as we do here, that, by presenting the issue of ineffective assistance of trial counsel in the direct appeal, a petitioner cannot then present the same claim, although based upon different facts, in a petition for post-conviction relief:

4

The issue of ineffectiveness of counsel, although not raised in the Appellant's Motion for New Trial, was raised on direct appeal. <u>State v. Derenzy Turner and Vernon West</u>, No. 02C01-9512-CR-00390. Accordingly, consistent with the authority of <u>House v. State</u>, 911 S.W.2d 705, 706 (Tenn. 1995), we conclude that the Appellant was provided the opportunity for a full and fair hearing sufficient to support a finding of "previous determination." <u>Id.</u> (Tennessee cases generally dealing with the concept of waiver in the post-conviction context apply an objective standard and impute the conduct of counsel to their clients). <u>See, e.g.</u>, <u>Melvin Darrell Sawyer v. State</u>, No. 01C01-9811-CR-00440 (Tenn. Crim. App. at Nashville, Nov. 29, 1999), <u>perm. to appeal denied</u>, (Tenn. Jun. 26, 2000); <u>Jonathan A. Hyler v. State</u>, No. 01C01-9511-CR-00362; <u>Jimmy Wayne Wilson v. State</u>, No. 909 (Tenn. Crim. App. at Knoxville, May 29, 1991).

<u>Id.</u> at *2.

The record fully supports the findings and conclusions of the post-conviction court that the petitioner unsuccessfully presented on direct appeal the claim that trial counsel was ineffective, and that the same issue is the sole claim in his post-conviction petition. Accordingly, we affirm the post-conviction court's dismissal of the petition, the ground for relief having been previously determined.

_____
ALAN E. GLENN, JUDGE

5