**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JUNE SESSION, 1997**

FILED

December 4, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9605-CR-00210** |
| Appellee, | ) | |
| | ) | **DAVIDSON COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. THOMAS H. SHRIVER, JUDGE** |
| **WINFORD LEE PIPKIN,** | ) | |
| | ) | |
| Appellant. | ) | **(RAPE OF A CHILD AND** |
| | ) | **AGGRAVATED KIDNAPPING)** |

FOR THE APPELLANT:

**DAVID COLLINS**
211 Printers Alley Bldg.
Fourth Floor
Nashville, TN 37201

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KAREN M. YACUZZO**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**VICTOR S. JOHNSON, III**
District Attorney General

**WILLIAM REED**
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue South
Nashville, TN 37201

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Winford Lee Pipkin, was convicted of one (1) count of especially aggravated kidnapping and five (5) counts of rape of a child following a jury trial in the Criminal Court of Davidson County. He appeals as of right and presents the following issues:

1) The five (5) convictions for rape of a child should be reversed and dismissed because the indictment in each count failed to allege the mens rea.

2) The trial court erred by failing to include in its charge to the jury the minimum number of years a person sentenced to imprisonment for the offense charged must serve before reaching the earliest release eligibility date.

3) The trial court erred by allowing the testimony of Sue Ross.

4) The trial court erred by imposing consecutive sentences.

Finding no reversible error, we affirm the judgments of the trial court.

The sentences imposed upon Defendant by the trial court are as follows:

| | | |
|---|---|---|
| Count 1 | Especially Aggravated Kidnapping | 35 years |
| Count 2 | Rape of a Child | 25 years |
| Count 3 | Rape of a Child | 40 years |
| Count 4 | Rape of a Child | 40 years |
| Count 5 | Rape of a Child | 40 years |
| Count 6 | Rape of a Child | 30 years |

The trial court ordered counts 2, 3, 4, and 5 to be served concurrently with each other. However, count 1 was ordered to be served

consecutively to count 6, and count 6 was ordered to be served consecutively to the concurrent sentences in counts 2, 3, 4, and 5. The total effective sentence is one hundred five (105) years.

The sufficiency of the evidence to support the convictions is not challenged on appeal, and therefore only a brief review of the facts is necessary. In September 1994, the victim, twelve-year-old D.S., (this court will refer to the juvenile victim by his initials) was walking home from a neighborhood store when the Defendant drove up in his vehicle. The Defendant asked D.S. if he wanted to earn some money helping the Defendant move furniture. D.S.'s brother was walking some distance in front of the victim. D.S. called to his brother to see if he wanted to help also. The Defendant told D.S. that he only needed one helper. D.S. observed a cloth over Defendant's hand, and when the Defendant told D.S. to get into the vehicle, D.S. was afraid not to comply.

After driving around for a considerable period of time in Davidson County, the Defendant took D.S. to Defendant's apartment where the acts of rape of a child occurred. While at the apartment, Defendant forced D.S. to take a shower, and the Defendant rinsed out or otherwise washed the victim's clothes. Early the next morning, Defendant drove D.S. around in Davidson County again, ultimately letting him out of the vehicle at a location near the home of the victim's grandmother. Members of the victim's family, as well as police officers and others, searched for the victim all night. The victim was taken to a hospital where he was examined, including giving a history to Sue Ross, a pediatric nurse practitioner.

During the investigation, the victim identified Defendant from a photographic lineup and also identified Defendant's vehicle by specific color, size, scratches and dents. The victim testified in detail as to the events of the crimes, and identified the Defendant at trial. D.S. also testified that Defendant brandished a knife during the sexual assaults.

SUFFICIENCY OF THE COUNTS OF THE INDICTMENT CHARGING RAPE OF A CHILD

The substance of each count of the indictment which charges rape of a child alleges as follows:

> That Winford Lee Pipkin on a day in September 1994, in Davidson County, Tennessee, and before the finding of this indictment, did engage in unlawful sexual penetration of [D.S.] (D.O.B. 01-06-82), a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-522, and against the peace and dignity of the State of Tennessee.

Defendant argues that since the counts of the indictment charging rape of a child do not allege either intentional, knowing, or reckless conduct, then the essential element of the mens rea is missing, and the counts of the indictment are void. Defendant relies upon a decision of this court in State v. Hill, No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App., Nashville, June 20, 1996). The Tennessee Supreme Court recently reversed this court's decision in State v. Hill. See State v. Hill, _____ S.W.2d _____, No. 01-S-01-9701-CC-00005, Wayne County (Tenn., Jackson, Nov. 3, 1997). The indictment in Hill charged in all counts the following:

> [The defendant] did unlawfully sexually penetrate [the victim] a person less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-502, all of which is against the peace and dignity of the State of Tennessee.

-4-

While the Defendant in <u>Hill</u> was charged with aggravated rape, and the Defendant in the case <u>sub judice</u> was convicted of rape of a child, the substance of the two offenses are identical, i.e. both involve unlawful sexual penetration of a child less than thirteen (13) years of age.

Defendant argues that the indictment charging him with various counts of rape of a child violate his rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Tennessee Constitution which require an accused to be informed of the nature and cause of the accusation.

The supreme court in <u>Hill</u> held that the required mental state may be inferred from the nature of the criminal conduct alleged in the indictment under review in that case. As the statutory elements of the offense denoted as rape of a child are identical to the previous offense denoted as aggravated rape of a child less than thirteen (13) years of age and the language of the indictment in Defendant's case is essentially identical to the indictment involved in <u>Hill</u>, our supreme court's decision in <u>Hill</u> is controlling. The required mental state of intentional, knowingly, or recklessly may be inferred from the nature of the criminal conduct alleged in this indictment. This issue is without merit.

JURY CHARGE RELATIVE TO POSSIBLE PUNISHMENT

Defendant complains that the trial court did not comply with the provisions of Tennessee Code Annotated section 40-35-201(b)(2)(A)(i). This

subsection of the Criminal Sentencing Reform Act of 1989 requires the trial court to include in its charge "an approximate calculation of the minimum number of years a person sentenced to imprisonment for the offense charged and lesser included offenses must serve before reaching such person's earliest release eligibility date" among other information. This subsection is applicable whenever a party makes a motion for the court to charge the possible penalties for the offense charged and all lesser included offenses. The State concedes in its brief that the trial court failed to comply with this particular portion of Tennessee Code Annotated section 40-35-201.

In the judgment for each conviction of rape of a child, Defendant was properly sentenced as a "child rapist" as defined in Tennessee Code Annotated section 39-13-523. That statute specifically provides that a "child rapist" is required to serve the entire sentence imposed by the trial court, undiminished by any sentence reduction credits that the Defendant may be eligible for or earn.

In this appeal, Defendant argues that it was reversible error for the trial court to fail to provide this particular information in the jury charge pursuant to the provisions of Tennessee Code Annotated section 40-35-201(b)(2)(A)(i).

Our supreme court has previously held that an alleged error involving the jury charge concerning the range of punishment is not a constitutional error. State v. Cook, 816 S.W.2d 322, 326 (Tenn. 1991). Therefore, any alleged error concerning jury charge as to the eligibility of parole is governed by Rule 52(a) of the Tennessee Rules of Criminal Procedure and Rule 36(b) of the Tennessee Rules of Appellate Procedure. Rule 52(a) of the Tennessee Rules of Criminal

Procedure provides that "[n]o judgment of conviction shall be reversed on appeal except for errors which affirmatively appear to have affected the result of the trial on the merits." Rule 36(b) of the Tennessee Rules of Appellate Procedure provides that "[a] final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."

In State v. Cook, our supreme court, in discussing the rationale for the enactment of a statutory right to have a jury know the range of punishment, even though the trial court and not the jury sets punishment, stated as follows:

> It is widely perceived by those who observed the operations of our trial courts in previous times, when juries had the additional responsibility of setting punishment, that often they seemed to find guilt of a crime not necessarily most strongly suggested by the evidence, but one the punishment for which suited their sense of justice for the case. Apparently the Legislature desired to give those charged with crimes the option of making certain that the jury knew the punitive consequences of guilty verdicts in the cases under consideration, and this court respects the right of the Legislature to do so.

Id. at 326-27.

In Cook, the supreme court did hold that it was reversible error for the trial court to charge the jury solely as to a Range I punishment, when, at the time of the trial, the charges for which Defendant could be convicted mandated Range II punishment. The supreme court held that whatever rights the defendant might have would be lost if he were to be sentenced to a punishment greater than that which the jury was informed would be imposed. Id. at 327.

In Defendant's case, the jury was correctly informed as to the specific range of possible sentences. In addition, no lesser included offenses to the charges of rape of a child were included in the charge to the jury, and from the record, it appears that no lesser included offenses were applicable in the case. Therefore, the jury had the choice, on each count of rape of a child, of either convicting the Defendant or acquitting him. There is absolutely nothing in the record to indicate that the jury would have considered acquittal simply by being informed that the sentences had to be served day for day without the possibility of sentence reduction credits. The proof of Defendant's guilt was overwhelming. We conclusively find that the trial court's failure to inform the jury that the Defendant would not be eligible for sentence reduction credits on any sentence imposed on a conviction of rape of a child does not affirmatively appear to have affected the results of the trial on the merits. Neither does the trial court's failure to do so, in this particular case, prejudice the judicial process. This issue is without merit.

TESTIMONY OF SUE ROSS

Sue Ross testified concerning statements made by the Defendant about the assault. Defendant did not object to the testimony of Ross during the trial. Since the Defendant failed to take action that was reasonably available to prevent or nullify any harmful effect of the alleged error, he is not entitled to relief on this issue. Tenn. R. App. P. 36(a). Defendant argues, however, that it was "plain error" for the trial court to allow this testimony. Tenn. R. Crim. P. 52(b). Rule 52(b) allows this court, in its discretion, to address "plain error . . . where necessary to do substantial justice."

-8-

Sue Ross, a pediatric nurse practitioner, examined the victim at the hospital within a few hours of the victim's release by Defendant. Ms. Ross' specialty is the medical evaluation of children who have been sexually abused. She testified that during the physical examination of D.S. she obtained a brief history from the child for the purposes of medical diagnosis and treatment. She further testified that the history from the victim is necessary to know what type of tests need to be ordered, to make the most accurate diagnosis, and to prescribe the best treatment for the child. Ms. Ross testified that D.S. related that he had been abducted and taken to an apartment where a male had anally and orally penetrated him with the perpetrator's penis. Furthermore, D.S. told Ms. Ross that he had been forced to take a shower, his clothes had been washed, and that shampoo had been used on his rectal area prior to the penetration. D.S. also informed Ms. Ross that he suffered from burning and stinging when he had had a bowel movement following the sexual assaults.

The trial court, without request by Defendant, instructed the jury that this testimony by Ms. Ross was hearsay, but was admissible only to show the information available to the pediatric nurse practitioner for her diagnosis and treatment of the victim. The trial court specifically instructed the jury that this testimony by Ms. Ross was not evidence that the events actually happened.

Defendant relies upon State v. Livingston, 907 S.W.2d 392 (Tenn. 1995), arguing that the trial court committed plain error by allowing this evidence of "fresh complaint." Our supreme court in Livingston held that:

> [No] acceptable basis exists for stretching the fresh-complaint doctrine to the extent that it is applicable to cases involving child victims. Consequently, we hold that in cases where the victim is a

> child, neither the fact of the complaint nor the details of the complaint to a third party is admissible under the fresh-complaint doctrine.

Id. at 395.

Defendant's argument, even if not waived by failure to object at trial, is misplaced. The evidence was not "fresh complaint" evidence. The trial court instructed the jury that the testimony was admitted for the purposes of showing the information available to the nurse practitioner for her diagnosis and treatment. This testimony was admissible under Rule 803(4) of the Tennessee Rules of Evidence. See State v. McLeod, 937 S.W.2d 867, 871 (Tenn. 1996); State v. Maurice Gordon, ____ S.W.2d _____, No. 01S01-9605-CC-00084, Davidson County (Tenn., at Nashville, Sept. 29, 1997) (three-year-old sex abuse victim's complaint of pain and statement of who caused the pain were admissible for the purpose of medical diagnosis and treatment). This issue is without merit.

CONSECUTIVE SENTENCING

Defendant argues that the trial court erred by imposing consecutive sentences. When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with the presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In ordering consecutive sentences, the trial court found that the Defendant was an offender whose record of criminal activity is extensive, Tennessee Code Annotated section 40-35-115(b)(2), and that Defendant was convicted of two (2) or more statutory offenses involving sexual abuse of a minor, Tenn. Code Ann. § 40-35-115(b)(5). However, the trial court specifically stated that it was not primarily relying upon the record of criminal activity of Defendant in ordering consecutive sentencing, but was instead relying upon factor five (5) of Tennessee Code Annotated section 40-35-115(b).

According to the pre-sentence report of Defendant, he had two (2) prior convictions, one for robbery with a deadly weapon, and another conviction for simple robbery. Both of these offenses occurred in 1984. In his brief, the Defendant does not contest the trial court's finding that his criminal record is extensive. Because the Defendant has failed to cite authority to support his argument, this issue is waived. Tenn. Ct. Crim. App. 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App.), perm to appeal denied, id. (Tenn. 1988). Instead the Defendant argues: (a) that a statutory enhancement factor found in Tennessee Code Annotated section 40-35-114 was improperly applied in ordering consecutive sentencing, (b) the trial court failed to consider mitigating factors advanced by Defendant in ordering consecutive sentencing; and (c) the trial court improperly relied on proof that Defendant tested positive for HIV as an enhancement factor to order consecutive sentences.

The primary factor which the trial court relied upon in ordering consecutive sentencing was that the defendant was "convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims." Tenn. Code Ann. § 40-35-115(b)(5). Certainly the Defendant was convicted of more than two offenses of rape of a child, and the circumstances were aggravating. The Defendant used a knife to force D.S. to submit to the repeated rapes, holding it against his head. After Defendant stopped raping the victim and forced him to take a shower, he implied that he might kill the child so that he would not tell about the rapes. D.S. was

compelled to convince the Defendant that he would not tell, making up a story that his cousin had already sexually abused him. While a portion of the statute refers to the time span of the defendant's undetected sexual activity, this is inapplicable to the Defendant in the case sub judice. The nature and scope of the acts were such that D.S. was abducted, raped both anally and orally with the Defendant's penis while he cried and the Defendant held his hand over his mouth, and the victim was held at the Defendant's apartment until the next morning.

There was more than sufficient testimony of the residual, physical and mental damage to D.S. In addition to his physical injuries from the anal rapes, his mother described that D.S. had severe emotional difficulties following the rape. While D.S. was formerly an honor student, he failed the school term following the rapes. He also became violent, fighting with other children and using chairs as weapons. Now D.S. is afraid of strangers and leery of everyone. Finally, the victim suffers from the possibility that the HIV virus was transmitted to him from the Defendant during the rapes. While consecutive sentences should not be routinely imposed, the aggregate amount of the sentencing is reasonably related to the severity of the offenses involved. See State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). The Defendant's failure to exhibit remorse or the potential for rehabilitation for his acts requires a lengthy period of incarceration to protect the public from possible future misconduct. Id. at 939.

We therefore find that consecutive sentencing as imposed by the trial court is appropriate.

While the Defendant does not state the imposition of enhancement factors as an issue, he argues in his brief that he did not know that he was HIV positive at the time the offenses were committed. Tenn. Code Ann. § 39-13-521(d)(1). The enhancement factor the Defendant questions was conceded by the State as inapplicable. Tennessee Code Annotated section 39-13-521(d)(1) provides that "the court may consider as an enhancement factor at the time of sentencing that the defendant has tested positive for HIV." In addition to the fact that Defendant was not tested for HIV until the day prior to the sentencing hearing, there is no proof in the record that the Defendant knew he was infected with the HIV virus at the time of the offense. However, this does not prevent application of the fact of a positive test for HIV in consideration of consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(5).

In his brief, Defendant states that the trial court erred in using, as an enhancement factor, that "the personal injuries inflicted upon the victim were particularly great. Tenn. Code Ann. § 40-35-114(6). However, this particular enhancement factor was not used by the trial court.

The trial court found the following enhancement factors applicable:

(a)     The offense involved the victim and was committed to gratify the defendant's desire for pleasure or excitement. Tenn. Code Ann. § 40-35-114(7).

(b)     The defendant possessed or employed a firearm, explosive device, or other deadly weapon during the commission of the offense. Tenn. Code Ann. § 40-35-114(9).

(c)     The felony was committed while the defendant was on parole from a prior felony conviction. Tenn. Code Ann. § 40-35-114(13)(B).

       (d)     The crime was committed under circumstances under which the potential for bodily injury to a victim was great. Tenn. Code Ann. § 40-35-114(16).

       (e)     The defendant had tested positive for HIV. Tenn. Code Ann. § 39-13-521(d)(1).

The defendant does not challenge the applicability of the first three enhancement factors, and the record clearly shows that those factors are applicable. The indictment charging Defendant with especially aggravated kidnapping alleged, that in commission of the offense, the victim was thirteen (13) years of age. Therefore, use of the deadly weapon was not an essential element of that offense as alleged in the indictment. Furthermore, pleasure or excitement is not an essential element of the offense of rape and factor number (7) was therefore applicable to all of the sentences. See State v. Adams, 864 S.W.2d 31 (Tenn. 1993). Defendant admitted during testimony at the sentencing hearing that he was on parole at the time of the offenses for which he was convicted.

In applying factor number 16, the trial court stated that penile-rectal penetration of a young child is certainly a thing that could cause potential injury. The trial court further noted that the whole criminal episode was one which involved risk for physical injury. The trial court also relied upon the potential for HIV transmission, and the nature of the activity of the offense. In State v. Williams, 920 S.W.2d 247, 261 (Tenn. Crim. App. 1995), our court, citing State v. Smith, 891 S.W.2d 922, 930 (Tenn. Crim. App. 1994), held that factor 16 should not be applied in cases of aggravated rape by bodily injury "absent extraordinary circumstances."

In the case <u>sub judice</u>, Defendant was convicted of rape of a child, which did not include bodily injury in the elements of the crime charged. Three (3) of the convictions for rape of a child involved rectal penetration of the victim. As discussed above, the Defendant impliedly made reference that he would have to do harm to or even kill the victim instead of turning him loose. Under the circumstances of this case, we feel that factor number 16 was properly applied.

The State concedes that the enhancement factor found in Tennessee Code Annotated section 39-13-521(d)(1) is not applicable in this particular case. Defendant further argues that the trial court did not apply the mitigating factor found in the especially aggravated kidnapping statute, Tennessee Code Annotated section 39-13-305(b)(2). That statutory mitigating factor states "[i]f the offender voluntarily releases the victim alive or voluntarily provides information leading to the victim's safe release, such actions shall be considered by the court as a mitigating factor at the time of sentencing." The Sentencing Commission Comments to Subsection (b) state that the court is required to consider the voluntary <u>safe</u> <u>release</u> of the victim as a mitigating factor. This provision reflects the concern for the safety of the victim. If applicable, this statutory mitigating factor would only apply to the sentence for especially aggravated kidnapping. During the course of the especially aggravated kidnapping, the Defendant committed five (5) separate acts of rape of a child. A deadly weapon, a knife, was used in the commission of the offenses. The victim has suffered in several ways following the commission of the criminal acts, as discussed above. Even if applicable, this mitigating factor would be entitled to little, if any, weight.

Finding that four (4) enhancement factors were properly applied, and that one (1) mitigating factor, if applicable, would be entitled to little weight, we approve the sentences imposed by the trial court.

The issues raised and argued by Defendant concerning his sentencing are without merit.

The judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
JOSEPH B. JONES, Presiding Judge


_____
WILLIAM M. BARKER, Judge